BRANTON H. HENDERSON, JUNIOR, vs. CONSTANCE B.
HENDERSON.

Middlesex.    June 30, 1952. — September 9, 1952.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Probate Court*, Appeal. *Contempt. Minor. Husband and Wife*, Custody
of child.

In a proceeding in a Probate Court by a husband against his wife for
custody of a minor child of the parties, the respondent was not en-
titled as of right to press appeals from decrees favorable to the peti-
tioner after she, in contempt of that court, had taken the child away
from the petitioner to parts unknown out of the Commonwealth and
while she was still in contempt by detaining and secreting the child;
and a motion by the petitioner in this court to dismiss the appeals was
ordered continued for thirty days after rescript, to be denied if within
that time the respondent returned the child to the petitioner, other-
wise to be allowed.

PETITION, filed in the Probate Court for the county of
Middlesex on September 19, 1951, seeking custody of a mi-
nor child of the parties.

The case was heard by *Monahan*, J.

In this court the case was submitted on briefs.

*Harold J. Field*, for the petitioner.

*George L. Wainwright*, for the respondent.

WILKINS, J.   The petitioner was granted custody of the
minor child of the parties by a decree dated December 18,
1951, from which the respondent has appealed.   The re-
spondent was not present and offered no evidence at the
hearing, which was held on December 17, 1951, and at
which she participated through counsel.   Previously, on
October 31, 1951, while the child was in the temporary
custody of the petitioner under a decree dated September
20, 1951, the respondent went to the petitioner's apart-
ment, and took away the child, who was at the moment in

the care of the petitioner's mother. The respondent then wrongfully sent or carried the child out of the Commonwealth to parts unknown without the knowledge or consent of the petitioner and in violation of the order for temporary custody. The respondent has at no time disclosed the whereabouts of the child even to her own counsel of record. The respondent has also appealed from a decree denying her motion to vacate the decree for temporary custody and from a decree denying her motion to dismiss the proceedings.

The petitioner has filed in this court a motion to dismiss the appeals on the grounds that the respondent has wilfully violated the order for temporary custody and that in that and other respects she has been guilty of unconscionable, inequitable, and contemptuous conduct.

The respondent is admittedly in continued contempt of the court whose decrees she here seeks to reverse. In *Campbell* v. *Justices of the Superior Court,* 187 Mass. 509, a plaintiff, who was in contempt of court, was not allowed to go on with his case against the defendant as matter of right. On principle, we think that the respondent, who took and detains the child in violation of one or both of the custody decrees and has committed the crime of kidnapping (*Commonwealth* v. *Bresnahan,* 255 Mass. 144, 151), cannot as of right insist upon proceeding with her appeals while she is secreting the child and preventing an orderly settlement of the controversy.

Ample authority exists elsewhere for granting the petitioner's motion. *McEntire* v. *McEntire,* 213 Ala. 328. *Knoob* v. *Knoob,* 192 Cal. 95. *MacPherson* v. *MacPherson,* 13 Cal. (2d) 271, 277. *Pike* v. *Pike,* 24 Wash. (2d) 735, 742–743. See *Lindsay* v. *Lindsay,* 255 Ill. 442, 445–446; *Casebolt* v. *Butler,* 175 Ky. 381. The question somewhat resembles that presented by a defendant in a criminal case whose conduct in escaping custody after conviction has been held to be a waiver of all right to seek a reversal in appellate proceedings. *Commonwealth* v. *Andrews,* 97 Mass. 543. *Allen* v. *Georgia,* 166 U. S. 138.

For the present we do not dismiss the appeals, but continue the motion for thirty days from the date of the rescript. If within thirty days thereafter the respondent returns the child to the custody of the petitioner, the motion is to be denied, and the case is to be decided upon°the merits. Otherwise, the motion to dismiss the appeals is to be allowed.[1]

*So ordered.*

---

[1] On October 10, 1952, the following further order was made: "It appearing that the respondent has not returned the child to the custody of the petitioner in accordance with the rescript dated September 9, 1952, the appeals of the respondent are dismissed." — REPORTER.