[Civ. No. 20485. Second Dist., Div. One. Nov. 8, 1954.]

WILLIAM HOWARD TOBIN, SR., an Incompetent Person. etc., Respondent, v. ALFONSO CASAUS, Appellant.

Morris Lavine for Appellant.

Robertson, Harney & Behr for Respondent.

MOSK, J. pro tem.*—Respondent has moved to dismiss the pending appeal in this case on the ground that appellant has wilfully and unlawfully ignored process of the court below and has prevented enforcement of the judgment from which he seeks relief by this appeal.

Pursuant to a complaint for severe personal injuries sustained as the result of a beating allegedly inflicted upon him by Alfonso de Casaus and Victor de Casaus (sued as Alfonso Casaus and Victor Casaus), the respondent on November 3, 1953, received a jury verdict in the sum of $187,500. A motion for new trial was granted to Victor de Casaus, but denied to Alfonso. The latter filed notice of appeal, but pending perfection of the appeal no stay of execution was sought or granted. Pursuant to petition of respondent, a receiver was appointed to take over certain assets of Alfonso, and in connection with further efforts to satisfy the judgment, respondent sought a supplemental examination of Alfonso. The latter failed to appear in court on January 11, 1954; a bench warrant was issued for his arrest, with bail fixed at $500, and the matter was continued to January 25, 1954. Appellant's then attorney of record, Carl Fetterly, was present at this proceeding. On January 25th, the appellant was again absent. There is nothing before us to indicate he has ever surrendered on the warrant or otherwise satisfied the demand of the court for his appearance.

Respondent has therefore moved to dismiss this appeal in view of the default or contempt of appellant. There is ample authority for his demand.

Appellant attempts to distinguish cases in which proceedings by a defaulting litigant were dismissed on the ground that in each the appellant had previously been adjudged in contempt, or sought the equitable intervention of the court while himself remaining in an inequitable posture. It is true that many reported cases fall into those categories. In *Monterey Coal Co.* v. *Superior Court,* 11 Cal.App. 207 [104 P. 585], a contemptuous party petitioned for a writ of mandate to change venue. In *Weeks* v. *Superior Court,* 187 Cal. 620 [203 P. 93], a writ of mandate was sought to compel entry of a final decree of divorce. In *Paddon* v. *Superior Court,* 65 Cal.App. 479 [224 P. 474], a writ of prohibition to prevent taking depositions was demanded. *Knackstedt* v. *Superior Court,* 79 Cal.App.2d 727 [180 P.2d 375], was a proceeding

*Assigned by Chairman of Judicial Council.

in mandamus for entry of a final decree of divorce. In *Funfar* v. *Superior Court*, 107 Cal.App. 488 [290 P. 626], there were petitions both for writs of prohibition and mandate. In *Soderberg* v. *Soderberg*, 63 Cal.App. 492 [219 P. 82], the party in default sought modification of a court order. *Travis* v. *Travis*, 89 Cal.App.2d 292 [200 P.2d 843], was an action to vacate a decree, but the court held the form of the proceeding did not alter the principle involved.

There is no recognized rule distinguishing proceedings directed to the discretion of the court, or to the conscience of the chancellor, and those "a matter of right." This point was well made in *Skirven* v. *Skirven*, 154 Md. 267 [140 A. 205, 207, 56 A.L.R. 697], where the court stated, "In most cases litigants in courts of justice are there to assert rights, and not to receive favors. Ordinarily, a favor is a voluntary act of grace, kindness, or indulgence which may be given or withheld at pleasure, and an act of that character is somewhat out of place in a court of justice where what is given to one is taken from another, and if contempt only disqualified the guilty litigant from asking favors, his loss would be slight."

Appellant cites *O'Neill* v. *Thomas Day Co.*, 152 Cal. 357 [92 P. 856, 14 Ann.Cas. 970], as authority for the proposition that "before any punishment may be awarded, the party must be adjudged in contempt." That case, however, clearly discusses punishment for contumeliousness under Code of Civil Procedure, section 1991, and states, at page 363, "By analysis, *this section* manifestly requires that before a plaintiff is punished he must be adjudged guilty of contempt."

Such a general rule as urged by appellant would be patently unfair where a recalcitrant litigant secrets himself to avoid punishment for contempt. Under those circumstances, by committing a contempt and then compounding it by avoiding process and punishment therefor, a litigant may blithely proceed to seek judicial consideration. No authorities subsequent to *O'Neill* so hold, and in numerous cases, proceedings were ordered dismissed where no contempt had been formally found. In *Paddon,* "proceedings were pending charging petitioner" with contempt. In *Monterey Coal Co.*, an order to show cause *in re* contempt was pending in the trial court. In *Knackstedt* the petitioner was delinquent in payments but not adjudged in contempt.

Appellant relies heavily on *Hosford* v. *Henry*, 107 Cal. App.2d 765 [238 P.2d 91], which states (at p. 776) that

research of the parties and the court failed to find authority for dismissing an appeal where an appellant is in contempt. Our brethren are in unfortunate error, for two Supreme Court cases, discussed hereinafter, are directly in point.

We believe *MacPherson* v. *MacPherson,* 13 Cal.2d 271 [89 P.2d 382], and *Knoob* v. *Knoob,* 192 Cal. 95 [218 P. 568], the latest Supreme Court cases on the subject, are controlling in this situation, despite the efforts of appellant to distinguish them factually. In *MacPherson* (p. 277), the appellant secluded children in a foreign country and "wilfully and purposely evaded legal processes and contumaciously defied and nullified every attempt to enforce the judgments and orders of the California courts, including the very order from which he seeks relief by this appeal." The court held that "Such flagrant disobedience and contempt effectually bar him from receiving the assistance of an appellate tribunal. A party to an action cannot, with right or reason, ask the aid and assistance of a court in hearing his demands while he stands in an attitude of contempt to legal orders and processes of the courts of this state." In *Knoob,* by affidavit it was established that the appellant moved to Guatemala, avoiding process. Said the court (pp. 96-97), "By her appeal she is seeking the court's aid, and it is manifestly just and proper that in invoking that aid she should submit herself to all legitimate orders and processes. She cannot, with right or reason, ask the aid or assistance of this court in hearing her demands while she stands in an attitude of contempt to the legal orders and processes of the courts of this state which she seeks to avoid through the intervention of an appeal to this tribunal."

". . . we are unable to perceive," said the court in *Casebolt* v. *Butler,* 175 Ky. 381 [194 S.W. 305, 307], "why a party to a civil suit may not likewise forfeit his right to appeal by voluntarily refusing to obey the order of court from which he desires to prosecute an appeal, and also by purposely putting himself in a position in which he would not be amenable to the processes of the court in the event judgment went against him."

Appellant has moved to strike portions of an affidavit of respondent's counsel filed in support of the motion to dismiss, and uncertified copies of sheriff's office records. His motion is granted as to the quoted portions of the affidavit and as to the records.

But the elimination of that material does not alter the

significant fact, unchallenged by appellant, that appellant was not in the superior court on January 11, 1954, or on January 25, 1954, on which occasions a bench warrant for his arrest was issued. There is nothing before us to indicate the warrants were not issued on a proper showing of service of the order for examination of the appellant. If we may in this proceeding go behind the act of the court in ordering the bench warrant, which we do not decide, certainly the burden is on the appellant to establish that the court acted in excess of its jurisdiction. He has not attempted to meet that burden.

Moreover, it appears to us that appellant has in effect confessed his contemptuous attitude toward the orders of the court. In support of his opposition to this motion to dismiss, he filed an affidavit of his brother dated September 13, 1954, stating that appellant ''has been in Los Angeles for the past three weeks, up to September 12, 1954 . . .'' The motion to dismiss was filed with this court on August 20, 1954, and was that day served by mail on appellant's counsel.

Thus appellant, with full information obtained through this proceeding if in no other way, knew for at least three weeks that he was being sought by the court and that a bench warrant for his arrest had been issued. Actual notice and knowledge is sufficient. (*MacPherson* v. *MacPherson, supra,* p. 278.) It seems incredible that with the imminent prospect of losing his right of appeal in this case, appellant would persist in ignoring the court process. Yet if he has to this day taken any steps to surrender on the bench warrant, they have not been called to our attention. One who, with knowledge that he is being sought pursuant to court process, absents himself or flees, is a fugitive from justice. (*People* v. *Lee Nam Chin,* 166 Cal. 570 [137 P. 917].) That he believes himself to be innocent does not alter the fugitive status, which is achieved by his refusal to submit to judicial process. (*In re Thurber,* 37 Cal.App. 571 [174 P. 112].)

The right to an appeal must not be lightly forfeited, and where a doubt exists as to a litigant's conduct being contumacious or wilful, an appellate court will tolerate temporarily the acts which were disruptive of the judicial process. We always prefer to resolve a cause on its merits; once the rights of the parties have been determined with finality, then the thwarted authority and offended dignity of the court may be assuaged with condign sanctions to the extent of the affront.

But in the instant case we are dealing with a litigant who not only has previously failed to appear as ordered, but who up to this very time remains a fugitive from justice. Apparently he is unwilling to respond to a court order with which he disagrees, but seeks to obtain on appeal a conclusion with which he may be satisfied. As stated in *Soderberg* (p. 494), "Defendant is in no position to stipulate with the court under what terms and conditions he will comply with the judgment." There may be no infringement "upon the courts' inherent power to ignore the demands of litigants who persist in defying the legal orders and processes of this state." (*MacPherson* v. *MacPherson, supra,* at p. 279.)

Purely as a matter of sufferance, the appeal will not be dismissed forthwith. The appeal will be dismissed 30 days after the date of filing this opinion, unless within that period appellant responds unequivocally to the process of the court below. Upon receipt of a certified copy of the court minutes reflecting his appearance and satisfaction of the court's requirements, the motions to dismiss will be denied and the case will be decided upon the merits. However, if appellant fails to do so for any reason whatever, or if he resorts to evasive or dilatory tactics in either the court below or this court, the motion to dismiss is to be granted without further hearing or opinion. Authority for this procedure is found in *Pike* v. *Pike,* 24 Wn.2d 735 [167 P.2d 401, 163 A.L.R. 1314], and in *Henderson* v. *Henderson,* 329 Mass. 257 [107 N.E.2d 773]. Also see *Palm Shores, Inc.* v. *Nobles,* 149 Fla. 103 [5 So.2d 52].

It is so ordered.

White, P. J., and Drapeau, J., concurred.

A petition for a rehearing was denied November 29, 1954. The following order was filed January 11, 1955:

THE COURT.—Appellant having failed to comply with the conditions set forth in the opinion of this court filed November 8, 1954, the appeal is dismissed.

Appellant's petition for a hearing by the Supreme Court was denied February 2, 1955.