ANDRE PIERRE CLOSSET, Appellent, *v.* PAULA
DECLERCQUE CLOSSET, Respondent.

No. 3789

February 18, 1955.                    280 P.2d 290.

*Maurice J. Sullivan, Jr.,* of Reno, for Appellant.

*Adams, Furrh & Reed,* of Reno, for Respondent.

# OPINION

By the Court, Merrill, C. J.:

This matter is before us upon motion of respondent

to dismiss the appeal. Grounds for the motion are that appellant has failed to comply with orders entered in this case by the trial court and, in consequence, has been held and is now in contempt of the trial court and a fugitive from its process.

The suit below was brought by appellant husband for divorce from respondent wife. Divorce in his favor was granted by the trial court July 21, 1953. The decree awarded to the wife specific real property located in Brussels, Belgium and specific corporate stock and directed the husband to execute in favor of the wife a deed to the realty and a written transfer of the stock within ten days from the date of judgment. Aggrieved by this action of the trial court the husband has taken this appeal from that portion of the decree.

The husband has never complied with the direction of the trial court. On October 15, 1953 that court ordered him to show cause why he should not be held in contempt. Upon his failure to appear the trial court adjudged him guilty of contempt and issued a bench warrant for his arrest. The husband cannot now be found and refuses to disclose his whereabouts. For this reason the warrant has never been served. To all intents and purposes, so far as concerns the process of the trial court, the husband is in hiding and a fugitive and has placed himself beyond the reach of such process.

Rule 70, N.R.C.P., provides for the manner in which a judgment directing execution or delivery of deeds or other documents may be enforced by court action. It expressly provides among other methods that the court may adjudge the party in contempt.

Rule 73 (d) (3) N.R.C.P. provides for the manner in which a party may protect himself against the enforcement of such a judgment pending appeal. It provides that "the instrument shall be executed and deposited with the clerk of the court with whom the judgment or order is entered to abide the judgment of the appellate court" and that supersedeas bond shall be given. The husband has not secured a stay of execution pursuant to this rule.

Enforcement under Rule 70 was, therefore, available to the trial court.

The husband points out that he is not in contempt for failure to obey a final and proper order of the trial court supplemental to the action sought to be reviewed. He is in contempt for failure to comply with the very order which, by his appeal, he challenges as improper. He contends that should we dismiss his appeal for the reason that he is now in contempt we would in effect be requiring him, as a condition to maintaining his appeal, to satisfy the very judgment from which he is appealing. Cf. National Union of Marine Cooks & Stewards v. Arnold, 348 U.S. 39, 99 L.Ed......., 75 S.Ct. 92. He contends that the availability of supersedeas does not alter the situation since supersedeas should not be made a condition of the right of appeal but should remain the option of the appellant.

We need not and do not decide whether such contentions in a proper case would have merit. An additional factor, here involved, in our view warrants dismissal of the appeal: appellant husband is now a fugitive from process of the trial court. We shall not permit him to avail himself of judicial review while at the same time he places himself beyond reach of the process of the trial court in defiance of its attempts to enforce its judgment. Knoob v. Knoob, 192 Cal. 95, 218 P. 568; MacPherson v. MacPherson, 13 Cal.2d 271, 89 P.2d 382; Tobin v. Casaus, Cal.App., 275 P.2d 792; Casebolt v. Butler, 175 Ky. 381, 194 S.W. 305; Henderson v. Henderson, 329 Mass. 257, 107 N.E.2d 773; Friendly v. Friendly, 137 Ore. 180, 2 P.2d 1. Indeed this court could hardly be expected to undertake review while the appellant thus defiantly reserves to himself the power to escape the reach of the law and thus render wholly ineffectual any adverse determination we might make.

This court, then, is not itself demanding satisfaction of judgment; nor is it lending its own powers to enforce

immediate compliance with the judgment from which this appeal is taken. For the purposes of this case we leave with the trial court its function of enforcement pending appeal. We do but insist that one seeking the aid of the courts of this state should remain, throughout the course of such proceeding, amenable to all judicial process of the state which may issue in connection with such proceeding. As stated in Knoob v. Knoob, supra, "By her appeal she is seeking the court's aid, and it is manifestly just and proper that in invoking that aid she should submit herself to all legitimate orders and processes."

It is ordered that, as a condition to maintaining this appeal, appellant submit himself to the process of the trial court or, at his option, avail himself of the right of supersedeas. Should he fail to take such action within 30 days from date, the motion to dismiss will be granted.

BADT and EATHER, JJ., concur.