[Civ. No. 21806.   Second Dist., Div. One.   June 26, 1956.]

EDWARD OPPENHEIM, Respondent, v. CLARA REITER, Appellant.

Clara Reiter, in pro. per., for Appellant.

Gomer & Himmelfarb and Murray Gomer for Respondent.

WHITE, P. J.—Respondent moves to dismiss the appeal herein on the ground that no record on appeal has been prepared or filed.   (Rule 10(a), Rules on Appeal.)

The action with which we are here concerned was commenced by plaintiff (petitioner herein) against defendant

and one I. H. Goodley to set aside a homestead and alleged fraudulent encumbrance of debtors' assets. The relief prayed for is that a purported declaration of homestead, dated January 27, 1949, by the defendant, I. H. Goodley, be declared null and void as against the plaintiff, or partially so, insofar as the residence, separate from the defendant, is concerned; that the purported mortgage, dated June 2, 1949, by defendant, I. H. Goodley, in favor of defendant, Clara Reiter, and recorded on April 24, 1950, be declared fraudulent and void as against the plaintiff; that a receiver of all the property and effects of the defendant, I. H. Goodley, which he had at the time of the said encumbrancing by mortgage to the defendant, Clara Reiter, or at any time thereafter, be appointed; that the defendants, I. H. Goodley and Clara Reiter, be adjudged to account for all the property received by them under the purported mortgage and note, and for all proceeds arising from any sale of such property, and deliver the same to such receiver; that the defendants, I. H. Goodley and Clara Reiter, be in the meantime enjoined from disposing of any of said property, or paying away any of the proceeds thereof, or in any way interfering therewith; that the said receiver be directed to sell the said property, or so much thereof as may be necessary, and to pay the plaintiff out of the proceeds of said property the judgments aforesaid, and the costs of said action, and hold the balance subject to the order of the court.

On March 22, 1955, judgment was entered for plaintiff against both defendants who duly filed their motions for a new trial. On April 15, 1955, motion for a new trial was granted as to defendant Goodley and denied as to defendant Clara Reiter. On May 17, 1955, the latter filed her notice of appeal from the foregoing judgment. On May 26, 1955, defendant Reiter filed notice under rule 7, Rules on Appeal, to proceed on appeal by a settled statement and on June 17, 1955, a proposed settled statement was filed. On June 29, 1955, plaintiff (petitioner herein) filed objections and amendments to the proposed settled statement. Defendant Clara Reiter on July 13, 1955, filed ''objections to the objections and amendments to the settled statement.''

On July 13, 1955, the court entered its minute order reading in part as follows:

''Matter re Proposed Settled Statement on Appeal comes on for hearing. . . . It appears to the Court that the Proposed Settled Statement on Appeal does not conform to Rule 7 of

Rules on Appeal. In Addition thereto, the Court is unable to settle the Statement without the use of a transcript; the Court deems a complete transcript necessary and will refuse to settle any transcript herein until such transcript is provided. The Objections to the Proposed Settled Statement on Appeal are sustained.''

On August 18, 1955, defendant Clara Reiter filed a notice of motion to amend her said proposed statement on appeal, and on August 26, 1955, the court entered its minute order reading in part as follows:

''Motion for order permitting appellant to amend her proposed statement on appeal to substitute the respondent's statement of the testimony for that proposed by petitioner with additions is denied. Motion for order settling statement with or without additions is denied. It is further ordered that the appeal herein not proceed without a reporter's transcript on appeal.''

Notice of denial of this motion was served on defendant Clara Reiter on August 31, 1955.

Thereafter, on or about September 23, 1955, defendant Reiter filed in this court a petition for a writ of mandate requiring the trial judge to settle statement on appeal as presented, which petition was denied by Division Three of this court on September 30, 1955, and petition for rehearing was denied on October 11, 1955. To date no engrossed settled statement or transcript has been filed.

Section 10(a), Rules on Appeal, provides in part that, ''If the appellant shall fail to perform any act necessary to procure the filing of the record or to pay the filing fee within the time allowed therefor or within any valid extension of that time, and such failure is the fault of the appellant and not of any court officer or any other party, the appeal may be dismissed on motion of the respondent or on the reviewing court's own motion.''

Appellant resists the motion, first on the ground that after her codefendant Goodley was granted a new trial which resulted in a judgment adverse to him, said codefendant ''now has an appeal to this Court which is being prosecuted vigorously and a transcript is now being prepared by the County Clerk of this County. The issues of that appeal are germane and interrelated to appellants appeal, in that issues of her appeal cannot be decided by this Court unless the issues of her co-defendant are first determined.'' That the evidence offered at the second trial of her codefendant was the same

as that presented at the first trial, which resulted in a judgment adverse to her and from which she took this appeal.

It is a fundamental rule of appellate procedure that the burden rests upon an appellant to use reasonable diligence to perfect and prosecute his appeal, and while the courts favor a determination of litigation upon the merits and that all parties should have their day in court at all stages of the proceedings, nevertheless, when delays in complying with the rules result in manifest injustice or prejudice to the moving party, a dismissal should be ordered.

In the instant proceeding, since the denial of her aforesaid petition for a writ of mandate by Division Three of this court appellant has not ordered or filed a reporter's transcript as required by the foregoing minute order of the superior court. We cannot assume, as urged by appellant, that the issues presented on the appeal by her codefendant from a judgment rendered in the second trial as to him are "interrelated and germane" to the issues presented by appellant's appeal from an adverse judgment as to her in the first trial. As heretofore noted, the issue as to defendant Goodley was the validity of a homestead declared by him on certain property while as to defendant herein, the issue was the validity of a mortgage executed in her favor. That issue was determined in the first trial, leaving only the issue of the validity of the homestead to be determined at the second trial.

Because of the efforts made by appellant prior to October 11th to prepare and file a settled statement on appeal coupled with the fact that all of the issues presented by the complaint in this action cannot finally be determined until disposition of the appeal taken by her codefendant from the judgment against him rendered at the second trial, we are inclined to the view that no prejudice will ensue to the moving party, and that the interests of justice will best be served if, under rule 53(b), Rules on Appeal, we conditionally relieve appellant from her default.

It is therefore ordered that if within 30 days after the filing of this opinion appellant deposits with the clerk of the superior court the amount of money necessary for preparation of a reporter's transcript, and which amount the clerk is ordered to accept, the motion to dismiss will be denied. However, if appellant fails so to do for any reason whatsoever, the motion to dismiss is to be granted without further hearing

or opinion (*Tobin* v. *Casaus,* 128 Cal.App.2d 588, 593 [275 P.2d 792]).

Doran, J., and Fourt, J., concurred.

A petition for a rehearing was denied August 27, 1956, and appellant's petition for a hearing by the Supreme Court was denied September 25, 1956.