DAVID H. CAPLOW AND SOL GERSHENHORN, PETITIONERS, *v.* THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK, AND HARRY WATSON, DISTRICT JUDGE, RESPONDENTS.

No. 3968

October 26, 1956.                                    302 P.2d 755.

*Morse, Graves and Compton* and *Bruce Beckley,* of Las Vegas, for Respondents.

## OPINION

By the Court, MERRILL, C. J.:

This is on application for writ of prohibition. On May 11, 1956 final judgment against petitioners was rendered by respondent court in an action brought against petitioners by Stutz Enterprises, and others. Judgment included a provision that certain notes given by plaintiff, Stutz Enterprises, payable to the defendants in the total sum of $47,500 be canceled and surrendered by defendants to said plaintiff. An appeal from this judgment is now pending before this court.

On July 13, 1956, upon motion of plaintiffs, an order was entered by respondent court directing defendants to appear and show cause why they should not be held in contempt for failure to surrender the notes pursuant to judgment. Contending that respondent court is without jurisdiction to entertain said proceedings or to hold petitioners in contempt, petitioners seek a writ of prohibition restraining respondents from proceeding further in such matter. An alternative writ was issued by this court.

Rule 70, N.R.C.P., provides that a judgment directing execution or delivery of documents may be enforced by contempt. It does not appear that petitioners have, pursuant to Rule 73(d) (3) N.R.C.P., sought a stay of execution of the judgment rendered in the trial court. Enforcement of the judgment, pursuant to Rule 70 was, therefore, available to the trial court. Closset v. Closset, 71 Nev. 80, 280 P.2d 290.

Petitioners attack the jurisdiction of the trial court upon the ground of lack of notice. They were not personally served with findings of fact and conclusions of law, judgment, motion to hold in contempt or order to show cause. Service of these documents was, however,

made upon the petitioners' attorney of record in the action below. This is the prescribed method of service under Rule 5 (b) N.R.C.P.

Petitioners contend that contempt is a special proceeding; that at the least the motion and order to show cause should have been served upon them personally. The California authority they cite is not persuasive. California's secs. 1015, 1016, C.C.P. expressly except contempt proceedings from its code provisions with reference to service upon counsel. Even so the law of that state cannot be said to be clear. Smith v. Smith, 120 Cal.App.2d 474, 261 P.2d 567, with considerable citation of supporting authority, holds service upon counsel to be sufficient in contempt proceedings under the circumstances there considered.

Our sec. 5 (b), N.R.C.P., does not provide for the California exception. Indeed in drafting the Federal rules (from which our 5 (b) was taken) such an exception was considered by the advisory committee to the Supreme Court and was rejected. See Barron & Holtzoff, Fed. Pra. & Proc., sec. 201. There can be no question but that in such a case as this where the contempt proceedings are not original proceedings but are incidental to a pending cause, service upon counsel of record was proper. Watkins v. Rives, (C.A.D.C., 1941), 125 F.2d 33; Ebert v. Ebert, (C.A.D.C., 1945), 148 F.2d 226; Tilghman v. Tilghman, (D.C.D.C., 1944), 57 F.Supp. 417; and N.L.R.B. v. Hopwood Retinning Company, (C.A. 2, 1939), 104 F.2d 302.

Petitioners next contend that the judgment is not susceptible of enforcement by contempt for the reason that it is ambiguous in that it cannot be ascertained what notes the judgment has reference to. The judgment upon its face does not appear ambiguous. Petitioners assert, however, that as a matter of fact no notes exist precisely as described in the judgment. Respondents assert that testimony in the court below in specific reference to notes

in the sums specified in the judgment removes any possible ambiguity. This issue, we feel, should be first resolved by the trial court under its order to show cause.

Petitioners have raised other objections to the trial court's proceeding which do not reflect upon its jurisdiction to act, but assert or anticipate error on its part. These matters we do not feel it necessary to discuss.

Writ denied. Alternative writ dismissed.

BADT and EATHER, JJ., concur.