[Civ. No. 22000.   Second Dist., Div. Two.   Apr. 26, 1957.]

LILLIAN VONTHEA KOTTEMANN, Respondent, v.
WILLIAM C. KOTTEMANN, Appellant.

Guy Richards Crump and Stanley M. Arndt for Appellant.

A. James Ayers and Benjamin D. Brown for Respondent.

ASHBURN, J.—Motion to dismiss defendant's appeal from
interlocutory judgment of divorce, based upon contumacious

failure to pay alimony thereby ordered or to pay attorney fee on appeal which was later awarded to plaintiff.

That judgment, entered on February 7, 1956, ordered defendant, who is a certified public accountant by occupation, to pay to the plaintiff for her support the sum of $160 per month payable on the 15th day of each month commencing January 15, 1956, until further order of the court. Payments were made through the month of May, 1956. Defendant's appeal from the judgment having been taken in March, 1956, plaintiff gave notice of motion for allowance of an attorney fee on appeal, which was returnable on April 10, 1956. The hearing having been continued to May 9, defendant then requested and obtained a further postponement to July 9th; he thereupon defaulted in payment of the installment of alimony due on June 15th, and has failed to pay any later installment.

The motion for award of attorney fee on appeal was again continued at defendant's request to September 11, 1956, on which day he and his attorneys defaulted, the matter was heard and defendant was ordered to pay to plaintiff's attorneys a fee of $2,500 for services on appeal.[1] No part thereof has been paid at any time.

Meantime, on July 3d, plaintiff had procured an order to show cause *in re* contempt for failure to pay installments of alimony then in default, same being returnable on August 1st. Efforts to serve defendant were unsuccessful; his residence was vacant and he has not lived in it since June, 1956. On July 17th plaintiff's attorneys procured an order authorizing service of the order to show cause upon Messrs. Crump and Arndt, the attorneys of record for defendant. This was done on July 20th by leaving a copy with the person in charge of the office during the absence of both attorneys. Upon learning of same they disclaimed authority to accept service and declared they did not know the whereabouts of their client. Upon the return date, August 1st, no appearance was made and a bench warrant for the arrest of defendant was issued. The sheriff was never able to serve it and defendant has not been heard of since that time.

On September 6, 1956, plaintiff's attorneys advised Mr. Arndt that continued efforts of his client to hide and continued failure to pay alimony would result in a motion to dis-

[1] An allowance of attorney fees for services after judgment was also sought and made, but further reference thereto is not essential to the ruling.

miss the appeal; the clerk's transcript was then on file. Mr. Arndt responded on September 7th to the effect that the service of the order to show cause was not valid and enclosed in his letter to plaintiff's attorneys a document entitled "Withdrawal of Attorneys and Limitation of Authority" which gives notice as follows: "TAKE NOTICE that (except for the appeals heretofore taken herein) GUY RICHARDS CRUMP and STANLEY M. ARNDT withdraw as attorneys for William C. Kottemann, and that they have no further authority to represent him or act as his attorney, except as to the matters pending in the District Court of Appeals on the appeals heretofore taken. William C. Kottemann will hereafter appear herein as attorney pro per, except as above set forth." The letter also reiterated a lack of knowledge of defendant's whereabouts.

On October 3 plaintiff undertook to enforce the order for an attorney fee on appeal. Execution was issued and levied in San Francisco upon defendant's shares of stock in American Telephone and Telegraph Company, for he had testified at the trial that he owned 64 shares of that stock worth approximately $10,800. The return to the execution was that defendant owned no stock in that company.

At the trial he had also testified to ownership of stocks totaling about $160,000 in value, the holding of about $10,500 in cashier's checks, ownership of a half interest in real property valued at about $40,000, and a postage stamp collection valued at about $25,000. Concerning the cashier's checks he had also said that "he closed his bank accounts and put his cash assets, some $10,000, into cashier's checks, so that Plaintiff would not be able to execute thereon after his refusal to pay alimony pendente lite ordered by the Court." Before the trial he had deeded to Bertha Greene, a former wife, the residence in Arcadia; this was done in violation of a restraining order, was adjudged a contempt, and defendant at that time obtained a reconveyance of the property to him. Before the trial defendant had also secreted himself and thus prevented completion of his deposition.

After his appeal was taken defendant again deeded his interest in the said residential property to the former wife, Bertha Greene, although it had been adjudged in this case to be joint tenancy property of plaintiff and himself and had been ordered sold and the proceeds distributed between them.

The execution of October 3 having proved fruitless, plaintiff's attorneys notified Messrs. Crump and Arndt that a

motion to dismiss this appeal would be made unless defendant paid the said $2,500 attorney fee and all back alimony. The attorneys replied that they were "attorneys for Defendant in connection with the preparation and filing of his brief on appeal and *in no other matter*"; also said they were sending the letter to Mr. Kottemann at his last known address.

On November 20th plaintiff's counsel addressed a letter to defendant at 2334 South Second Avenue, Arcadia, and requested a return receipt. This document advised defendant that a bench warrant was outstanding for his arrest and demanded that he pay all back alimony at once. A return receipt, showing delivery on November 21st to one E. L. Erickson, as Kottemann's agent, was received in due course but defendant never replied to the letter.

Again on February 22, 1957, notice was given to appellant's attorneys that a motion to dismiss the appeal would be made because the attorney fee order of September 11, 1956, had not been complied with and defendant was delinquent in paying alimony. The reply was that they, the attorneys, "only represented defendant on appeal." Nothing further was heard from defendant himself at any time.

The motion to dismiss was served and filed on April 5, 1957. Upon the hearing an affidavit of Mr. Arndt was presented which stated that he and his associate do not know Kottemann's whereabouts and have not known it since June, 1956; that the only address they ever had was 2334 Second Avenue, Arcadia, California; that they have sent letters to him so addressed but have received no answer thereto. The affidavit also says that the attorneys do not know whether Kottemann has paid any alimony since August 1, 1956, but says nothing about the period from June 15th to August 1st. No mention is made of the attorney fee on appeal. This leaves defendant admittedly in default on alimony and on attorney fee,—in default and in hiding. It also leaves him without any showing of inability to perform. His testimony at the trial constitutes a prima facie showing of such ability. If he were unable he would doubtless be before the court so asserting. Recalcitrant and unrepentent he stands before this court.

Before discussing the remedy, certain preliminary matters should be mentioned. ■ The service of the order to show cause upon the attorneys, rather than the defendant, was proper in the circumstances. (*Reynolds* v. *Reynolds*, 21 Cal.2d 580, 583, 585 [134 P.2d 251]; *Miller* v. *Miller*, 57 Cal.App.2d 354, 359 [134 P.2d 292].) ■ The later attempt of the attorneys, who had appeared generally, to limit

their authority in the informal manner selected by them was unauthorized and ineffective.  (6 Cal.Jur.2d, § 171, p. 359.)

▇▇▇  Moreover, this question of service relates only to the contempt proceeding and a conviction is not a prerequisite to cognizance of the fact of contempt upon a motion to dismiss. (*Tobin* v. *Casaus*, 128 Cal.App.2d 588, 590 [275 P.2d 792, 49 A.L.R.2d 1419].)  Again, the challenge to the service relates only to the order to show cause; no such point is raised with respect to the motion for an award of an attorney fee upon appeal.

▇▇▇  That dismissal of the appeal of one who thus defies the orders of the court is an appropriate remedy appears from the following cases: *Knoob* v. *Knoob*, 192 Cal. 95, 97 [218 P. 518] ; *MacPherson* v. *MacPherson*, 13 Cal.2d 271, 277 [89 P.2d 382] ; *Travis* v. *Travis*, 89 Cal.App.2d 292, 295 [200 P.2d 843]. In the MacPherson case it is said : " [H]e has also wilfully and purposely evaded legal processes and contumaciously defied and nullified every attempt to enforce the judgments and orders of the California courts, including the very order from which he seeks relief by this appeal.  Such flagrant disobedience and contempt effectually bar him from receiving the assistance of an appellate tribunal.  A party to an action cannot, with right or reason, ask the aid and assistance of a court in hearing his demands while he stands in an attitude of contempt to legal orders and processes of the courts of this state."  (P. 277.)  In Travis : "The rationale upon which relief is denied is that it would be a flagrant abuse of the principles of equity and of the due administration of justice to consider the demands of a party who becomes a voluntary actor before a court and seeks its aid while he stands in contempt of its legal orders and processes." (P. 295.)

In less aggravated situations the courts have found a stay of proceedings, pending compliance by appellant with the disobeyed order, to be a sufficient remedy. Instance by *Borenstein* v. *Borenstein*, 11 Cal.2d 301 [79 P.2d 388] ; *Tobin* v. *Casaus, supra,* 128 Cal.App.2d 588, 590.  Such leniency failed of its purpose in Tobin (see page 593), and we are convinced that such would be the result here if we were to temporize in that manner.

Appellant is plainly and persistently in contempt of the superior court in the very matter of this appeal.  He, having the apparent ability to do so, refuses to perform the support obligation of the decree from which he appeals (having obtained no stay) and at the same time withholds from plaintiff

the funds determined by the court to be necessary for the defense of his appeal. That he is in hiding or in a foreign jurisdiction cannot be doubted. That he intends to frustrate plaintiff's efforts to obtain the fruits of her judgment and the attorney fee awarded is equally clear. That he entertains an intention to defraud her cannot be gainsaid.

Although his briefs are on file in this court, it appears therefrom that his attack upon the judgment consists of an attempt to have us review the weight of the evidence, which we are not authorized to do.

Appeal dismissed.

Moore, P. J., and Fox, J., concurred.