339 A.2d 247.

THOMAS W. HEMENWAY *vs.* CHERYL L. HEMENWAY.

JUNE 9, 1975.

PRESENT: Roberts, C. J., Paolino, Kelleher and Doris, JJ. ,

DORIS, J. This is a petition for certiorari seeking a review of proceedings and an order entered in the Family Court on October 29, 1973. We granted the petition, stayed all proceedings pending our determination of the issues raised, and ordered the pertinent records certified to this court. In addition, the petitioner has appealed from a decision rendered by a Family Court justice on October

24, 1973, and a subsequent decree entered on October 31, 1973. Thereafter, the matters were ordered consolidated for hearing before this court.

The record discloses that on October 16, 1972, Thomas W. Hemenway (petitioner) filed a petition for absolute divorce against his wife, Cheryl L. Hemenway (respondent) in the Family Court. On October 26, 1972, a decree was entered awarding custody of the two minor children of the marriage to the parties jointly, and awarding physical possession of the children to petitioner during the months of September through June of each year and to respondent during the months of July and August of each year. The decree also granted visitation rights on each weekend to the party who was not in physical possession of the children at the time. After the entry of said decree, respondent moved from Rhode Island and took up residence in Pennsylvania. The petitioner continued to reside in Rhode Island.

On January 15, 1973, after a hearing in Family Court, a decision was rendered granting petitioner an absolute divorce on the ground of extreme cruelty and awarding custody of the minor children under the same conditions as set forth in the decree of October 26, 1972. On January 18, 1973, a decree was entered in accordance with the decision of January 15.

On or about July 1, 1973, respondent, pursuant to the terms of the decree of January 18, 1973, transported the children to Pennsylvania. During July and August 1973, while the children were in the physical possession of respondent in Pennsylvania, petitioner continued to exercise his visitation rights on the weekends.

On July 18, 1973, a final decree of divorce, which contained the same provisions for custody, physical possession, and visitation rights as were set forth in the decree of January 18, 1973, was entered in the Family Court.

In August 1973, while the children were in the physical possession of respondent, who by now had remarried, petitioner traveled to Easton, Pennsylvania, to exercise his visitation rights but was unable to exercise these rights. While in Pennsylvania, petitioner was served with process issuing in relation to a petition filed by respondent in the Court of Common Pleas, Northhampton County, Pennsylvania, seeking permanent custody of the children. The petitioner filed an appearance in the case in the Pennsylvania court.

The petitioner then returned to Rhode Island and filed a motion in the Family Court to amend the final decree of divorce. The motion sought to hold respondent in contempt for allegedly violating the final decree as it related to custody and visitation rights. It also sought to restrain respondent from proceeding with her petition in Pennsylvania whereby she sought permanent custody of the children. It further prayed that respondent be ordered to return the children to the physical possession of petitioner by September 1, 1973. Finally, the motion sought an additional order requiring respondent to post a bond in the Family Court to insure compliance with that provision of the final decree of divorce which required respondent to return the children to the physical possession of petitioner.

A citation was issued, returnable to the Family Court in Providence, requiring a hearing on petitioner's motion. It was served on respondent in Pennsylvania by a disinterested person. On August 24, 1973, a justice of the Family Court entered an ex parte order restraining and enjoining respondent from proceeding with her petition in Pennsylvania. A hearing, at which respondent appeared specially to contest jurisdiction, was held on October 24, 1973, in the Family Court. After hearing arguments of counsel but without taking testimony, the Family Court justice ruled that the court lacked jurisdiction, denied

petitioner's motion, and vacated the ex parte restraining order entered on August 24, 1973.

On October 26, 1973, petitioner traveled to Pennsylvania, took the children from the physical possession of respondent, and returned with the children to Rhode Island. On October 29, 1973, respondent filed a petition in the Family Court seeking temporary physical possession of the children pending a hearing on her custody petition filed in Pennsylvania. She also sought to have petitioner held in contempt for allegedly violating the order entered on October 24, 1973, and also to have him restrained from interfering with her physical possession of the children.

On October 29, 1973, a Family Court justice entered an ex parte order granting respondent physical possession of the children pending a hearing on her petition for custody filed in Pennsylvania, holding petitioner in contempt of the order of October 24, 1973, and restraining him from interfering with respondent's physical possession of the children. On October 31, 1973, a decree incorporating these orders was filed in the Family Court. On the same day, a Family Court justice granted respondent's petition for a writ of habeas corpus ordering petitioner to have the minor children before the court on November 5, 1973. On November 11, 1974, an order was entered in the Court of Common Pleas, Northhampton County, Pennsylvania, awarding custody of the minor children to respondent.

While the matters were pending in this court, respondent filed motions to dismiss petitioner's appeal and his petition for certiorari, and motions either to have petitioner held in contempt or in the alternative to be allowed to file motions in the Family Court to have petitioner held in contempt. The petitioner, on the other hand, filed motions to hold respondent in contempt, alleging that she had violated the order of this court staying all proceedings. We denied the several motions of the respective

parties as we were without the benefit of the complete record which is now before us.

The respondent, in her brief and also at oral argument, renewed her contention that petitioner should be deprived of appellate review inasmuch as it is clearly evident that he is in violation of the final decree of divorce and other decrees entered in the Family Court. The respondent points out that since October 26, 1973, she has neither seen nor heard from the minor children of the parties, although entitled under the terms of the final decree of divorce entered in the Family Court on July 18, 1973, to visit with the children in the State of Rhode Island each weekend.

The respondent further alleges that petitioner has not complied with the writ of habeas corpus ordering him to have the children before the court on November 5, 1973. On the contrary, he has taken the children to some unknown place and deprived respondent not only of the visitation rights contained in the final decree of divorce but also of the physical possession of the children as authorized in the orders and decrees of the Family Court, which orders and decrees are at issue in the matters presently before this court.

The respondent directs our attention to the recent case of *Anderson* v. *Anderson*, 108 R. I. 758, 279 A.2d 422 (1971) wherein we refused further consideration of an appeal until the respondent presented satisfactory evidence that he was not in contempt of Family Court orders. She argues that since petitioner is clearly in contempt of Family Court orders and decrees, he should not be allowed to proceed with an appeal until it is shown that he has returned the children to the State of Rhode Island and is complying with the terms of the pertinent Family Court decrees. There is merit in this argument.

It has been held that it is not a denial of due process for an appellate state court to dismiss the appeal of a party, who subsequent to his day in court at the trial level, willfully flouts the judicial process. *National Union of Marine Cooks & Stewards* v. *Arnold*, 348 U.S. 37, 75 S.Ct. 92, 99 L.Ed. 46 (1954).

In a decision holding that an appellant who had taken a child and left the jurisdiction could not, until purged of contempt, be accorded appellate review an Illinois court stated:

> "The weight of authority seems to be that a party in contempt is not entitled to prosecute or defend an action when the nature of his contempt is such as to hinder and embarrass the due course of procedure in the cause." *Lindsay* v. *Lindsay*, 255 Ill. 442 at 445, 99 N.E. 608 at 609 (1912).

In *Anderson* we held that an appellate court's decision to dismiss an appeal of a party, who subsequent to his day in court at the trial level, willfully flouts the judicial process, is an exercise of the court's inherent power to enforce respect for the judicial process. There is ample authority for this holding in cases relating to custody in other jurisdictions. *McEntire* v. *McEntire*, 213 Ala. 328, 104 So. 804 (1925); *Lindsay* v. *Lindsay, supra; Casebolt* v. *Butler, Judge*, 175 Ky. 381, 194 S.W. 305 (1917); *Henderson* v. *Henderson*, 329 Mass. 257, 107 N.E.2d 773 (1952); *Pike* v. *Pike*, 24 Wash.2d 735, 167 P.2d 401 (1946).

Here, the attitude of petitioner in placing the children and himself beyond the jurisdiction of the court seems to be that if you decide in my favor, well and good, but, if you do not, I will keep the children out of your reach, so that, no matter what the decision of the court may be, I will continue to have custody of the children. We do not believe that petitioner should be permitted to trifle thus with the court and to conduct himself so as to make its

orders and judgments a mere nullity unless he voluntarily decides to obey them. The petitioner, in addition to refusing to comply with the terms of the final decree of divorce as it relates to visitation rights by respondent, is clear.y in contempt of court in refusing to obey the orders from which he is seeking appellate review in this court.

If, on review, the orders and decrees of the Family Court were affirmed, there is no way in which the judgment of this court could be enforced. If the judgment were adverse to petitioner, he would doubtless continue to keep custody of the children and to remain outside the jurisdiction of this court; if the judgment of this court were favorable to him, he would probably return with the children and submit to the jurisdiction of the court. As a matter of policy, it is our opinion that the petitioner, who has taken and detained the children in violation of the Family Court orders and decrees, should not be allowed to proceed with his appeal while he is secreting the children and preventing an orderly judicial settlement of the controversy.

It is our judgment, therefore, that further consideration of the petitioner's request for review should be deferred for a period of 30 days from the date of filing of this opinion, by which date the petitioner shall furnish to this court satisfactory evidence that he has returned the children to the State of Rhode Island so that the respondent may exercise the visitation rights afforded her under the final decree of divorce entered in the Family Court. Upon such showing by the petitioner, we will consider the merits of his request for appellate review; otherwise the causes pending before this court will be dismissed.

Petition for reargument denied.

Mr. Justice Joslin did not participate.

*Moore, Virgadamo, Boyle & Lynch, Ltd., Francis J. Boyle, Robert M. Silva, Joseph R. Palumbo, Jr.,* for petitioner-appellant.

*Kirshenbaum & Kirshenbaum, Alfred Factor,* for respondent-appellee.