**Bruno D'ASTON, Plaintiff and Appellee,**

v.

**Dorothy D'ASTON, et al., Defendants and Appellants.**

**No. 890050–CA.**

Court of Appeals of Utah.

April 9, 1990.

---

an opportunity to order a continuance to remedy any problem with notice.

Brian C. Harrison (argued), Provo, for defendants-appellants.

S. Rex Lewis (argued), Leslie W. Slaugh, Howard, Lewis & Peterson, Provo, for plaintiff-appellee.

Before BILLINGS, GARFF and ORME, JJ.

## OPINION

BILLINGS, Judge:

Appellant, Dorothy D'Aston, filed an appeal from a divorce decree entered by the trial court on December 15, 1988. Appellee, Bruno D'Aston ("Mr. D'Aston"), filed a Motion to Dismiss appellant's appeal on the grounds that she was currently in contempt of the trial court's order and had secreted herself, refusing to submit to the process of the district court. He thus argues that appellant should not be allowed to seek a review of the divorce decree on the merits. We agree with Mr. D'Aston and therefore stay this appeal and allow appellant 30 days from the date of the issuance of this opinion to submit to the process of the trial court and to give this court notice of her actions. If appellant complies with this court's order and gives this court written verification of her compliance within the 30–day period, then we will consider her appeal on the merits. However, if appellant fails to submit to the process of the trial court within the 30–day period, the motion to dismiss her appeal will be granted.

## FACTS

We only discuss the facts relevant to this order, not the underlying dispute.

At the time of trial, appellant testified that she had $300,000 in cash in a safe deposit box in Far West Bank and $75,000 in cash in a safe at home. In the divorce decree, the trial court ordered appellant to pay Mr. D'Aston $236,800 "from the $300,000.00 in the safe deposit box." To date, appellant has failed to comply with that order.

The trial court issued a writ of execution directing the constable to execute on the safe deposit box at Far West Bank. The constable discovered that no such safe deposit box under appellant's name existed, nor did she have any substantial assets at Far West Bank.

Mr. D'Aston, on January 11, 1989, filed a Motion to Compel Compliance with Decree of the Court. On January 23, 1989, appellant filed a Motion for Stay and Approval of Supersedeas Bond. The trial court ordered a stay and set the amount of the supersedeas bond, which was to be posted within 30 days. Appellant failed to post a supersedeas bond.

Mr. D'Aston, on March 17, 1989, obtained an Order to Show Cause directing appellant to appear and show cause why she should not be held in contempt for her failure to pay Mr. D'Aston the $236,800 ordered in

the decree or to post a supersedeas bond. The process server could not find appellant in order to serve the Order to Show Cause. However, her counsel was served with a copy of the Order to Show Cause.

On March 22, 1989, the trial court held a hearing on Mr. D'Aston's Motion to Compel Compliance. Appellant's counsel was in court that day and the judge requested his appearance at the hearing. Appellant's counsel stated he was making a special appearance as he had not been given proper notice of the hearing.

On April 7, 1989, the court held an order to show cause hearing. Neither appellant nor her counsel was present. In a minute entry, the court noted that the March 22, 1989, hearing had been continued to April 7, 1989, and that appellant's counsel had been informed of this fact at the March 22, 1989, hearing. In addition, the record reflects that appellant's counsel was served with the Order to Show Cause which listed the April 7, 1989, hearing date.

On April 13, 1989, the court entered findings of fact and conclusions of law holding appellant in contempt of court because she was "purposefully hiding herself from the jurisdiction of the Court and from service," and issued an order of commitment and bench warrant. The court amended its order of commitment on May 26, 1989. Appellant again evaded service. Appellant's counsel, however, was served with the findings of fact and conclusions of law and the order of commitment.

Thereafter, appellant's counsel made a Motion to Strike Findings of Fact, Order of Commitment and Bench Warrant. He asserts that he does not know where appellant is and that his current representation is now limited to this appeal. That motion was denied.

## NOTICE

In response to Mr. D'Aston's motion to dismiss her appeal, appellant argues that since she has not been served with the Order to Show Cause, the trial court was without authority to hold her in contempt. Appellant thus contends this court may not dismiss her appeal for failure to comply with the trial court's orders.

Utah courts have acknowledged the importance of actual notice in contempt proceedings. *Powers v. Taylor,* 14 Utah 2d 118, 378 P.2d 519, 520 (1963); *see generally Von Hake v. Thomas,* 759 P.2d 1162, 1171–72 (Utah 1988). However, whether a court can issue a civil order of contempt without personal service where a party purposefully hides to prevent service of the order has not been addressed to date in Utah. Nonetheless, we are in accord with other jurisdictions which have held that where a party initially has been served with process in a case, and has appeared by counsel in the matter, service of an order to show cause why the party should not be held in contempt on the party's attorney is sufficient. *See Kottemann v. Kottemann,* 150 Cal. App.2d 483, 310 P.2d 49, 52 (1957); *Brewer v. Brewer,* 206 Ga. 93, 55 S.E.2d 593, 594 (1949); *State ex rel. Brubaker v. Pritchard,* 236 Ind. 222, 138 N.E.2d 233, 236 (1956); *Caplow v. Eighth Judicial Dist. Court,* 72 Nev. 265, 302 P.2d 755, 756 (1956); *Macdermid v. Macdermid,* 116 Vt. 237, 73 A.2d 315, 318 (1950); *see generally* Annotation, *Sufficiency of notice to, or service upon, contemnor's attorney in civil contempt proceedings,* 60 A.L.R.2d 1244 (1958).

In *Kottemann,* which is factually similar to this case, the plaintiff had left his residence and thus could not be served with a motion for contempt. 310 P.2d at 50. The plaintiff's attorneys were served with the motion. *Id.* at 50–51. The attorneys then asserted they did not know the whereabouts of their client and only had authority to represent him in the appeal. *Id.* at 51. The court rejected the attorneys' attempts to limit their authority and concluded that the service of the order to show cause upon the attorneys was proper. *Id.* at 52.[1]

---

**1.** Some jurisdictions have gone so far as to hold that no formal adjudication of contempt is necessary in order to dismiss the appeal for failure

to comply with a trial court's order. *See Tobin v. Casaus,* 128 Cal.App.2d 588, 275 P.2d 792, 795 (1954) (party could not be found for service of

The trial court found that appellant was secreting herself to avoid service of process in this matter. Appellant's counsel was served with notice of the Motion to Compel Compliance, the Order to Show Cause regarding contempt, and the court's findings of contempt. Appellant's counsel appeared at the March 22, 1989, hearing on the Motion to Compel Compliance and was given notice of the Order to Show Cause hearing. Because appellant has purposefully hidden to avoid service of process and notice of the contempt proceedings and the court's order was given to appellant's attorney, we find the trial court's order of contempt was properly entered.

## CONTEMPT

■ Likewise, Utah's appellate courts have not considered whether they may dismiss a civil appeal when the appellant is in contempt of a trial court order in the same action. However, in the area of criminal appeals, the Utah Supreme Court has dismissed the appeal of a prisoner after he escaped custody. *State v. Tuttle,* 713 P.2d 703, 704 (Utah 1985); *see also Hardy v. Morris,* 636 P.2d 473, 474 (Utah 1981) (court dismissed an escapee's appeal from a dismissal of a writ of habeas corpus). In *Tuttle,* the Utah Supreme Court refined its position in *Hardy.* The court held that an appellant prisoner's escape is not an abandonment of his right to appeal and that the dismissal of his appeal is not an appropriate punishment for his escape. *Tuttle,* 713 P.2d at 704–05. The court stressed the fundamental right to appellate review of a criminal conviction when reinstating the appeal *after* the prisoner was returned to custody. *Id.* at 705.

Appellate courts from other jurisdictions have dismissed the civil appeals of contumacious parties without allowing the parties an opportunity to bring themselves into compliance with the trial court's order. *Rude v. Rude,* 153 Cal.App.2d 243, 314 P.2d 226, 230 (1957) (failure to pay support and attorney fees); *Kottemann v. Kottemann,* 150 Cal.App.2d 483, 310 P.2d 49, 53

(1957) (failure to pay alimony and attorney fees); *Michael v. Michael,* 253 N.E.2d 261, 263 (Ind.1969) (appellant took child in violation of custody order and fled jurisdiction); *In re Morrell,* 174 Ohio St. 427, 189 N.E.2d 873, 874 (Ohio 1963) (appellant took child in violation of custody order and could not be found); *Huskey v. Huskey,* 284 S.C. 504, 327 S.E.2d 359, 360 (Ct.App.1985) (party left jurisdiction to avoid arrest). Other courts have allowed the party time to comply with the trial court's order before dismissing the appeal. *Stewart v. Stewart,* 91 Ariz. 356, 372 P.2d 697, 700 (1962) (30 days to comply); *Tobin v. Casaus,* 128 Cal.App.2d 588, 275 P.2d 792, 795 (1954) (30 days to comply); *Greenwood v. Greenwood,* 191 Conn. 309, 464 A.2d 771, 774 (1983) (30 days to comply); *Pasin v. Pasin,* 517 So.2d 742, 742 (Fla.Dist.Ct.App.1987) (15 days to comply); *In re Marriage of Marks,* 96 Ill.App.3d 360, 51 Ill.Dec. 626, 629, 420 N.E.2d 1184, 1187 (1981) (30 days to comply); *Henderson v. Henderson,* 329 Mass. 257, 107 N.E.2d 773, 774 (1952) (30 days to comply); *Prevenas v. Prevenas,* 193 Neb. 399, 227 N.W.2d 29, 30 (1975) (20 days to comply); *Hemenway v. Hemenway,* 114 R.I. 718, 339 A.2d 247, 250 (1975) (30 days to comply); *Strange v. Strange,* 464 S.W.2d 216, 219 (Tex.Civ.App.1970) (per curiam) (10 days to comply); *Pike v. Pike,* 24 Wash.2d 735, 167 P.2d 401, 404 (1946) (10 days to comply). These courts justify the dismissal of the appeals on the ground that it violates the principles of justice to allow a party who flaunts the orders of the courts to seek judicial assistance. *See, e.g., Stewart,* 372 P.2d at 700; *Rude,* 314 P.2d at 230; *Greenwood,* 464 A.2d at 773; *Strange,* 464 S.W.2d at 219.

Still another approach is to stay the appeal until the appellant has submitted to the process of the trial court. This approach gives the trial court the flexibility to fashion the terms under which the non-complying party may purge its contempt rather than necessarily ordering the enforcement of the judgment. In *Closset v. Closset,* 71 Nev. 80, 280 P.2d 290, 291

process); *Pike v. Pike,* 24 Wash.2d 735, 167 P.2d 401, 404 (1946) (party secreted herself and her

children to avoid custody order and service of process).

(1955), the appellant had failed to comply with a trial court order in a divorce proceeding and had been found in contempt. The Nevada Supreme Court did not dismiss his appeal for failure to comply with the judgment below, but held that the appeal would be dismissed unless the appellant within 30 days submitted himself to the process of the trial court or posted a supersedeas bond. *Id.* 280 P.2d at 291. The court stated:

> [A]ppellant husband is now a fugitive from process of the trial court. We shall not permit him to avail himself of judicial review *while at the same time* he places himself beyond reach of the process of the trial court in defiance of its attempts to enforce its judgment. . . .
>
> . . . .
>
> We do but insist that one seeking the aid of the courts of this state should remain throughout the course of such proceeding, amenable to all judicial process of the state which may issue in connection with such proceeding.

*Id.* at 291 (emphasis added).

The United States Supreme Court considered an appellate court's dismissal of a civil appeal on the basis that the appellant was in contempt of the trial court's order in *National Union of Marine Cooks & Stewards v. Arnold*, 348 U.S. 37, 75 S.Ct. 92, 99 L.Ed. 46 (1954). The Court was asked to decide whether the Washington Supreme Court violated either the equal protection clause or the due process clause of the fourteenth amendment when it dismissed an appeal from a money judgment as a reasonable measure for safeguarding the collectibility of that judgment. The appellant had filed a notice of appeal, but had offered no supersedeas bond and had obtained no stay of the proceedings. *Id.* at 39, 75 S.Ct. at 93–94. The trial court ordered the appellant to deliver certain bonds in its possession to the court's receiver for safekeeping pending disposition of the appeal. *Id.* The appellant refused and was held in contempt. *Id.* As a result, the Washington Supreme Court struck the ap-

peal on the merits, giving the appellant 15 days to purge its contempt by delivering the bonds. *Id.* at 40, 75 S.Ct. at 94. The United States Supreme Court found no constitutional violation, stating that "[w]hile a statutory review is important and must be exercised without discrimination, such a review is not a requirement of due process." *Id.* at 43, 75 S.Ct. at 95. The Court stressed that "[p]etitioner's appeal was not dismissed because of petitioner's failure to satisfy a judgment pending an appeal from it. It was dismissed because of petitioner's failure to comply with the court's order to safeguard petitioner's assets from dissipation pending such appeal." *Id.* at 44, 75 S.Ct. at 96.

We are persuaded that the *Closset* approach is most consistent with the Utah Supreme Court's *Tuttle* decision and the United States Supreme Court's *Arnold* decision. By adopting this approach, we do not deny appellant her right to an appeal under Utah Const. art. VIII, § 5,[2] but rather insist she must submit herself to the jurisdiction of the trial court and satisfy that court's concerns before she may exercise that right. She merely has the obligation to come forward and offer a reasonable alternative to the trial court to safeguard her assets from dissipation pending her appeal.

Appellant was given the opportunity to post a supersedeas bond, but has refused. She has ignored the orders of the trial court and, apart from obtaining a temporary stay which she allowed to lapse for want of a bond, she has provided no reasonable alternative to allow the court to insure that her assets are available to satisfy the judgment pending appeal. By her actions, appellant is frustrating the administration of justice.

Appellant has not claimed that she did not have the ability to comply with the trial court's order. *See Stewart v. Stewart*, 91 Ariz. 356, 372 P.2d 697, 700 (1962). This situation is similar to one faced by a Cali-

---

**2.** Utah Const. art VIII, § 5 provides, in pertinent part: "Except for matters filed originally with the supreme court, there shall be in all cases an appeal of right from the court of original jurisdiction to a court with appellate jurisdiction over the cause."

fornia court, where it found it was "dealing with a litigant who not only has previously failed to appear as ordered, but who up to this very time remains a fugitive from justice. Apparently, he is unwilling to respond to a court order with which he disagrees, but seeks to obtain on appeal" a more favorable result. *Tobin v. Casaus*, 128 Cal.App.2d 588, 275 P.2d 792, 795 (1954).

We therefore hold that appellant has 30 days from the date of the issuance of this opinion to bring herself within the process of the trial court. If appellant submits herself to the trial court, she should be allowed an opportunity to offer alternatives to the trial court to protect the judgment. Appellant may persuade the court it should hold the disputed judgment amount in trust until a resolution of this appeal on the merits. However, if appellant persists in secreting herself in violation of the trial court's orders, her appeal will be dismissed at the expiration of the 30-day period.

GARFF and ORME, JJ., concur.