ANN GREENWOOD *v.* RAYMOND GREENWOOD
(10836)

SPEZIALE, C. J., HEALEY, PARSKEY, SHEA and GRILLO, Js.

Argued May 12—decision released September 6, 1983

*Jon L. Schoenhorn,* with whom, on the brief, was *Michael Graham,* for the appellant (plaintiff).

*John L. Bonee III,* for the appellee (defendant).

SHEA, J. In this action for dissolution of marriage the court, *F. Hennessy, J.,* on March 31, 1981, awarded temporary custody of the minor child of the parties to the plaintiff with right of visitation to the defendant on a one-time basis at the office of a psychiatrist, any further visitation to depend on an evaluation of the initial visitation. On May 1, 1981, the defendant filed a motion for contempt alleging, inter alia, that since March 31, 1981, the plaintiff had refused to cooperate with the psychiatrist respecting the initial visitation and requesting that the plaintiff be adjudged in contempt. At a hearing on May 19, 1981, attended by her attorney, but in the plaintiff's absence, the court found the plaintiff in contempt and ordered the issuance of a capias mittimus with a cash bond set at $1000. The plaintiff has appealed from the finding of contempt.

In her appeal the plaintiff claims that the court erred in finding her in contempt of the order of March 31, 1981, when (1) the order was not specific as to the time and manner of the performance of its conditions; (2) there was no evidence that the plaintiff was aware of the order; and (3) there was no competent evidence that the plaintiff was in violation of the order. It is unnecessary to address any of these issues in disposing of the appeal at this time. We conclude that the appeal should be dismissed under our general supervisory power, as set forth in Practice Book § 3096, conditioned upon the plaintiff's appearing in the trial court forthwith for the purpose of effectuating visitation arrangements.

The essential facts are undisputed. On November 18, 1977, the plaintiff wife, who had commenced this dissolution action, was awarded, *O'Sullivan, J.,* custody of the minor child, Jason, pendente lite, subject to reasonable visitation by the defendant husband. The defendant, on January 14, 1978, left this state with Jason, who was then almost two years old, accompanied by a woman with whom the defendant still maintained a relationship at the time of trial. For two years they resided in the vicinity of Washington, D.C. Although the defendant telephoned the plaintiff intermittently, he never revealed his location, making it impossible for her to visit Jason. In January, 1980, however, the defendant did arrange to meet the plaintiff at the Washington airport so that she could visit with Jason. During the visit the plaintiff managed to obtain possession of Jason and returned with him to this state. Since that time she has been in hiding with the child and the defendant husband has been unable to see him.

On April 29, 1980, after the defendant had returned to Connecticut and filed a motion seeking temporary custody of the child, the court, *F. Hennessy, J.,* modified the previous order of temporary custody by limiting

any visitation by the defendant to the control and supervision of the family relations office, directing that the whereabouts of the child not be disclosed and prohibiting either party from removing the child from the state. A family relations officer filed a report recommending that temporary custody of the child remain with the mother without supervised visitation, that an attorney be appointed for the child and that a psychiatrist evaluate the parties and the child. On December 2, 1980, an attorney for the child and a psychiatrist, Walter Borden, were appointed in accordance with this recommendation. The attorney interviewed the parties, as well as their son Jason, and also conferred with other interested persons during January and February, 1981. Borden also was able to conduct psychiatric examinations of the parties, but not of Jason. On March 31, 1981, after the report of Jason's attorney had been accepted, the court issued the visitation order which was the basis for the judgment of contempt from which the plaintiff has appealed.

Before the issuance of the visitation order the plaintiff had arranged that her attorney would leave any messages with her parents, whom she would call periodically in order to receive them. When the court, on March 31, 1981, ordered visitation at the office of Borden, her attorney telephoned her parents' home but spoke only with her sister who resided there. He left a message for the plaintiff to call Borden's office to make an appointment on the following day. The plaintiff herself had visited Borden for an examination on March 6, 1981, but she had refused to permit her child to be examined. She telephoned her parents' home and received the message left by her attorney. Despite extensive efforts by the defendant to learn of her whereabouts, she has not been heard from since.

It is quite evident that the plaintiff is determined to frustrate completely any order which might be issued allowing her husband to visit the child. She has reciprocated in kind for her husband's previous kidnapping of their child and keeping him for two years in violation of the initial temporary custody order. She has held the child incommunicado from his father for a period which now exceeds three years. Although she communicated regularly with her attorney regarding the court proceeding until she learned of the visitation order which is the subject of this appeal, from that moment to the present time she has not contacted him. Since neither he nor any member of her family knows where she and the child live, the plaintiff has succeeded in insulating herself from legal process and it is virtually impossible even to communicate with her.

We will not treat a litigant who displays such defiance to court authority with the deference generally accorded to others. This court has often dismissed appeals for contemptuous conduct of an appellant not necessarily related to the merits of the appeal. *Nowell* v. *Nowell,* 155 Conn. 713, 229 A.2d 701 (1967) (appeal dismissed nisi appellant's compliance with order for payment of counsel fees on appeal); *Bromell* v. *Bromell,* No. 12170 (order of June 22, 1983) (appeal dismissed nisi appellant's compliance with pendente lite orders for custody, support, alimony and counsel fees); *Huybrechts* v. *Huybrechts,* No. 10781 (order of February 2, 1982) (appeal dismissed nisi appellant's payment of pendente lite arrearage); see *Walsh* v. *Walsh,* No. 10901 (order of November 24, 1981) (appeal stayed indefinitely nisi payment of counsel fees to defend appeal and alimony pendente lite). Furthermore, "the fact that the appellant is a fugitive from the processes of the trial court, rendering that court powerless to enforce its orders against him, warrants

dismissing his appeal." 4 Am. Jur. 2d, Appeal and Error § 237; *Rude* v. *Rude,* 153 Cal. App. 2d 243, 249, 314 P.2d 226 (1957); *Tobin* v. *Casaus,* 128 Cal. App. 2d 588, 591, 275 P.2d 792 (1954); *Closset* v. *Closset,* 71 Nev. 80, 82, 280 P.2d 290 (1955); *Pike* v. *Pike,* 24 Wash. 2d 735, 742, 167 P.2d 401 (1946). Even in criminal cases, most courts would dismiss the appeal of a fugitive after allowing him a reasonable time in which to surrender. 4 Am. Jur. 2d, Appeal and Error § 275.

We are not holding today that an adjudication of contempt necessarily disqualifies a party from affirmative relief. By virtue of General Statutes § 46b-8 and Practice Book § 464 (a), a trial court is authorized to grant the affirmative relief of modifying an order for support and alimony to one who is in contempt of such an order. These provisions, however, do not remove the discretion of the court to determine whether any modification should be ordered prior to the payment of any arrearage which may have accrued without sufficient excuse. Practice Book § 464 (a); see *Sanchione* v. *Sanchione,* 173 Conn. 397, 403, 378 A.2d 522 (1977). This court has no less discretion in deciding whether contemptuous conduct warrants dismissal of an appeal. Although it may be argued that the plaintiff may be justified out of fear that her husband may retaliate with a further kidnapping of the child if her whereabouts were disclosed, we cannot sanction the conduct of litigation behind the shield of isolation from process which this plaintiff has devised to frustrate the enforcement of any order which this court or the trial court might issue. *Rude* v. *Rude,* supra, 249; *Closset* v. *Closset,* supra, 82. Her concerns about another removal of the child by her husband might entitle the plaintiff to appropriate protective orders, but do not entitle her to abuse the judicial process. On the one hand, the plaintiff seeks our intercession to overturn the adjudication

of contempt; on the other, she persists in remaining wholly insulated from whatever consequence may follow an adverse resolution of the appeal, as well as any further orders of the trial court. No court should tolerate such an ambivalent posture on the part of a litigant.

Although the defendant never made a motion to dismiss the appeal, this court is not limited in its disposition of a case to claims raised by the parties and has frequently acted sua sponte upon grounds of which the parties were not previously apprised. We may, of course, where there is good reason, permit additional argument where we believe a case should be decided upon different issues from those presented. See *State v. Curcio,* 191 Conn. 27, 29, 463 A.2d 566 (1983). There is no need for further proceedings here, however, because counsel for the plaintiff at oral argument conceded that he had not been in touch with her during the entire course of the appeal and that he had no way of doing so. The plaintiff's recalcitrant defiance cannot be disputed on the record before us. In any event, the plaintiff is in no way substantially prejudiced by our action. The conditional form of our dismissal today provides a reasonable opportunity for the plaintiff to save her appeal by complying with the condition. See, e.g., *Tobin v. Casaus,* supra, 593; *Henderson v. Henderson,* 329 Mass. 257, 259, 107 N.E.2d 773 (1952); *Closset v. Closset,* supra, 83; *Pike v. Pike,* supra, 743.

As this case demonstrates, the law is not a particularly effective instrument for settling disputes over children when a party is determined to take the matter into his own hands. This court, nevertheless, will not further blunt its force by appearing to condone such conduct.

The plaintiff's appeal is dismissed unless within thirty days of the date of this decision the plaintiff presents herself to the trial court demonstrating a willingness to comply with its orders.

In this opinion SPEZIALE, C. J., HEALEY and GRILLO, Js., concurred.

PARSKEY, J., dissented without opinion.