MARGARET BRODERICK *v.* RAYMOND J. BRODERICK
(7359)

SPALLONE, STOUGHTON and FOTI, Js.

Argued September 21—decision released October 17, 1989

*David P. Ball,* with whom, on the brief, was *Steven M. Olivo,* for the appellant (defendant).

*Jean S. Ferlazzo,* with whom, on the brief, was *Melissa A. Grauel,* for the appellee (plaintiff).

*Michael J. Mannion,* for the minor child.

STOUGHTON, J. The defendant has appealed from a judgment of dissolution of marriage, attacking certain of the financial orders in the judgment.

Before reaching the merits of this appeal, we must decide whether it should be dismissed. The plaintiff moved to dismiss the defendant's appeal pursuant to Practice Book § 4183 (9), which is made applicable to this court by Practice Book § 2000. On September 11, 1989, the defendant was found in contempt by the trial court and an arrearage of $7000.50 for alimony and child support was found. Section 4183 (9) provides, in part, that an appeal may be dismissed unless the appellant is purged of contempt of the trial court.

An adjudication of contempt does not necessarily disqualify a party from affirmative relief, but an appellate court has discretion to decide whether contemptuous conduct warrants dismissal of an appeal. *Greenwood* v. *Greenwood,* 191 Conn. 309, 314, 464 A.2d 771 (1983).

In the dissolution action that is the subject of this appeal, the trial court made certain financial orders that have been attacked by the defendant. He moved to modify the orders, but the trial court denied his motion. He has been found in contempt five times for failure to pay periodic alimony and support and to make other payments. He has, however, appeared when summoned to court, and he has then made specific payments as ordered, although the arrearage continues to mount. On September 11, 1989, he was found in contempt and ordered to pay $2000 that day and another $2000 by September 18, 1989. Those payments have been made. Under the circumstances of this case, we have decided

to reach the merits of this appeal in order to lay to rest any lingering hope that the defendant may possess that the trial court might be found to have committed error and its judgment reversed. Accordingly, the plaintiff's motion to dismiss the appeal is denied.

The defendant claims that the trial court erred in making its awards of alimony and support and in dividing the marital assets. We find no error.

The first claim made by the defendant is that the court erroneously based its order to transfer the amounts held on deposit in certain bank accounts in New York from the defendant to the plaintiff on a finding of a lack of credibility on the part of the defendant concerning those accounts. Our examination of the record shows ample evidence supporting the finding of lack of credibility made by the trial court. We cannot retry the facts. *Peralli* v. *Pitkat,* 19 Conn. App. 803, 804, 561 A.2d 986 (1989). Furthermore, although the trial court did conclude that the defendant's testimony lacked credibility, it did not base its financial orders upon that conclusion. Rather, it specifically considered the factors enumerated in General Statutes § 46b-81 (c).

The defendant next claims that the trial court's financial orders were based upon an erroneous finding that a new business that had been started by the defendant is likely to be successful and that his earning capacity is substantial. We find ample support in the record for the conclusion that the defendant had demonstrated substantial earning capacity. In appropriate circumstances, the trial court may base its financial orders on earning capacity rather than actual earned income. *Hart* v. *Hart,* 19 Conn. App. 91, 94, 561 A.2d 151 (1989). The ultimate inquiry in determining the income reasonably available to the supporting paying spouse is the earning capacity of the supporting paying spouse. *Misiorski* v. *Misiorski,* 11 Conn. App. 463, 469, 528 A.2d 829 (1987). The weight to be

given the evidence and the credibility of the witnesses are within the sole province of the trial court, which had the unique opportunity to view the evidence presented in a totality of circumstances. *Stearns* v. *Stearns,* 4 Conn. App. 323, 327, 494 A.2d 595 (1985). We cannot retry the facts. *Peralli* v. *Pitkat,* supra.

Finally, the defendant claims that the trial court erred in finding that the tax liability resulting from the sale of his business was contingent upon certain losses and operational deficits in connection with his new business and that, consequently, the trial court erred in ordering that the defendant be solely responsible for all tax consequences relating to the ownership and sale of any of his businesses. There was evidence to support the finding of the trial court that the tax liability of the defendant was "somewhat contingent upon certain losses and operational deficits in connection with the new business." This was but a part of a division of assets through which the plaintiff retained all interests and liabilities arising from a business owned by her and the defendant retained all interests and liabilities arising from a business owned by him. Our review of the record and briefs persuades us that the trial court acted reasonably in the exercise of its discretion and in accordance with the law.

There is no error.

In this opinion the other judges concurred.