[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON POST JUDGMENT NOTIONS
SCHEDULE OF MOTIONS CONSIDERED BY THE COURT
Docket Entry No. 290 — Defendant's Motion to Modify Alimony Marked off, the defendant not present to pursue the motion. CT Page 1418
Docket Entry No. 292 — Plaintiff's Motion to Modify Alimony and Support — Granted. See this memorandum of decision.
Docket Entries No. 247, 331 and 374 — Counsel for the Minor Children's Motions for Counsel Fees — Granted. See this memorandum of decision.
Docket Entry No. 330 — Guardian Ad Litem's Motion for Counsel Fees — Granted. See this memorandum of decision.
Docket Entries No. 171 and 268 — Defendant's Motions for Counsel Fees — Denied. See this memorandum of decision.
Docket Entry No. 309 — Defendant's Motion for Contempt — Granted. See this memorandum of decision.
Docket Entry No. 379 — Plaintiff's Motion for Sanctions and Orders — Granted. See this memorandum of decision.
Plaintiff's Claims for Counsel Fees and Expert Fees — Granted in part and Denied in part. See this memorandum of decision.
Fees for Prior Counsel for the Minor Children — See this memorandum of decision.
HISTORY
This action, originally brought in the Superior Court for the Judicial District of Stamford/Norwalk at Stamford, has been transferred to this court for determination of the outstanding post judgment motions (Harrigan, J., September 23, 1994).
A decree of dissolution of the parties' marriage was entered on June 13, 1991 before the Honorable Frederick Freedman. The plaintiff appealed the trial court's judgment and the defendant cross-appealed to the Appellate Court. That court's decision was reported in 31 Conn. App. 201 (1993). Certiorari to the Connecticut Supreme Court was denied in 226 Conn. 915 on June 24, 1993. The judgment of the trial court was affirmed and the case remanded with direction to modify the judgment to reflect the agreement of the parties regarding the listing price of the marital home.
While the appeal from the judgment of dissolution was CT Page 1419 pending, there were further proceedings held before Judge Novack and the judgment was reopened and modified as to custody and visitation and, more particularly, with regard to the "bird nesting" arrangement that had been continued by the trial court until the marital home might be sold. It is clear from Judge Novack's articulation that he found that a crisis existed "particularly for the older child of the parties, because of the environment created by the parties' interaction in living under a `bird nesting' arrangement." On the ground that the "bird nesting" arrangement constituted a form of property assignment, the defendant appealed Judge Novack's decision to the Appellate Court. The matter has been very recently argued (December, 1994) and the parties are awaiting a decision.
With that background, this court shall consider the motion in the order noted on the schedule at the beginning of this memorandum.
DEFENDANT'S MOTION TO MODIFY ALIMONY (NO. 290)
While counsel for the defendant did appear at the proceedings held on January 3, 4, and 6, 1995, the defendant herself chose not to appear even though she has filed a pro se appearance in this proceeding and has participated actively in past proceedings. An example of such participation is her Request for Communication, Clarification and Information dated June 25, 1994 (docket entry number 373) and her Motion for Mistrial dated November 10, 1994 and Amended Motion for Mistrial also dated November 10, 1994 (docket entry number 382). Since Ms. Redman chose not to attend the proceedings, the court had no choice but to mark the Motion to Modify Alimony off.
PLAINTIFF'S MOTION TO MODIFY ALIMONY AND SUPPORT (NO. 292)
On April 13, 1993, Judge Novack ruled upon several motions, one of which was a Motion for Modification of Custody (docket entry number 226), at which time the plaintiff was given sole legal and physical custody of the minor children. A hearing concerning counsel fees, expert fees and fees for the guardian ad litem and counsel for the minor children and other financial orders was to be held subsequently and scheduled for June 4, 1993. Hearings lasting eight or nine days were held before Judge Novack resulting in a mistrial upon Judge Novack recusing himself on November 16, 1993. The file contains a lengthy presentation by Ms. Redman upon her motion to disqualify Judge Novack, which bears docket entry CT Page 1420 number 329 and is dated November 16, 1993.
After April 13, 1993 and during the period of the hearings before Judge Novack, the plaintiff continued to make alimony and support payments in accordance with the judgment ($1,000 support and $1,250 alimony) until December 1, 1993. Commencing December 1, 1993, he ceased paying support and paid $2500 per month by way of alimony.
Plaintiff's motion to modify is dated May 27, 1993 and was filed on that date. A mistrial upon this motion was declared on November 16, 1993 by Judge Novack. The motion is filed pursuant to the provisions of § 46b-86(a) of the General Statutes, which provides in part as follows:
 Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support or an order for alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party or upon a showing that the final order for child support substantially deviates from the child support guidelines established pursuant to section 46b-215a unless there was a specific finding on the record that the application of the guidelines would be inequitable or inappropriate.
In view of the modification of the judgment entered by Judge Novack on April 13, 1993 awarding sole custody of the minor children to the plaintiff, the court finds that there has been a substantial change in the circumstances of the parties. The defendant no longer is the custodial parent, the plaintiff being the sole custodial parent.
The State of Connecticut Child Support and Arrearage Guidelines as issued by the Commission for Child Support Guidelines, effective June 1, 1994, make it clear that current child support obligations are to be paid only by the non custodial parent to the custodial parent. As provided by subsection (8) of § 46b-215a-2(b), the support order shall equal the recommended support amount for the non custodial parent unless a deviation CT Page 1421 criterion applies. In this case no deviation criterion does apply.
There are a number of preliminary issues raised by the parties in this case before the court can reach the issue of modification of the prior judgment. First, the plaintiff claims that the defendant is in contempt for failure to comply with this court's order that she appear for her deposition and furnish a current financial affidavit on or before November 16, 1994. Plaintiff's counsel duly noticed defendant's deposition to be held on November 14, 1994 (see plaintiff's exhibit B). The defendant did not appear at this deposition, although her counsel did appear. The defendant has not, either, furnished an updated financial affidavit in accordance with § 463 of the Practice Book.
It is the plaintiff's claim that in view of the defendant's failure to comply with the court's orders that she is in contempt and cannot, therefore, seek equitable relief from this court. The plaintiff cites the case of Greenwood v. Greenwood, 191 Conn. 309,313 (1983), in which our Supreme Court has stated as follows:
 We will not treat a litigant who displays such defiance to court authority with the deference generally accorded to others. This court has often dismissed appeals for contemptuous conduct of an appellant not necessarily related to the merits of the appeal. Nowell v. Nowell, 155 Conn. 713, 229 A.2d 701 (1967) (appeal dismissed nisi appellant's compliance with order for payment of counsel fees on appeal); Bromell v. Bromell, No. 12170 (order of June 22, 1983) (appeal dismissed nisi appellant's compliance with pendente lite orders for custody, support, alimony and counsel fees); Huybrechts v. Huybrechts, No. 10781 (order of February 2, 1982) (appeal dismissed nisi appellant's payment of pendente lite arrearage); see Walsh v. Walsh, No. 10901 (order of November 24, 1981) (appeal stayed indefinitely nisi payment of counsel fees to defend appeal and alimony pendente lite). Furthermore, "the fact that the appellant is a fugitive from the processes of the trial court, rendering that court powerless to CT Page 1422 enforce its orders against him, warrants dismissing his appeal." 4 Am.Jur.2d, Appeal and Error § 237; Rude v. Rude, 153 Cal.App.2d 243, 249, 314 P.2d 226 (1957); Tobin v. Casaus, 128 Cal.App.2d 588, 591, 275 P.2d 792 (1954); Closset v. Closset, 71 Nev. 80, 82, 280 P.2d 290 (1955); Pike v. Pike, 24 Wash.2d 735, 742, 167 P.2d 401
(1946). Even in criminal cases, most courts would dismiss the appeal of a fugitive after allowing him a reasonable time in which to surrender. 4 Am.Jur.2d, Appeal and Error § 275.
The failure of the defendant to appear at her deposition and her failure to provide the court with a current financial affidavit takes the form of defiance to court authority. While she may have a basis or explanation for her lack of compliance, the lack of any such basis or explanation reasonably allows the conclusions that she could have complied with the court's order. See Bunche v. Bunche, 36 Conn. App. 322, 326 (1994).
The court finds the conduct of the defendant contemptuous. However, the court is not holding that an adjudication of contempt necessarily disqualifies a party from affirmative relief. SeeGreenwood v. Greenwood, 191 Conn. 309, 314 (1983). As the defendant's conduct is contemptuous, so also is the plaintiff's conduct. While the stay of the original judgment terminated on June 24, 1993 when certiorari was denied by the Supreme Court, the plaintiff still has not paid the $150,000 provided by paragraph 1(a), page 7, of the judgment entered by the Honorable Frederick Freedman. As will be subsequently noted, the plaintiff also is in contempt of this court's orders.
The court finds that the parties are in an equal position on the issue of contempt and that neither party may seek to disqualify the other party from seeking the relief of this court even though each is in contempt of this court's orders.
Having found a substantial change in the circumstances of the parties, the court must then consider the factors of § 46b-82 and § 46b-84 of the General Statutes together with the provisions of § 46b-215(b) of the General Statutes. Having considered the provisions of the foregoing statutes, the court orders that support to be paid by the plaintiff to the defendant shall CT Page 1423 terminate effective December 1, 1993.
With regard to modification of alimony, the court notes that the plaintiff increased the alimony from $1250 per month to $2500 per month commencing December 1, 1993 and has paid this amount monthly since that date. This amount is in accordance with the judgment, the defendant having vacated the marital residence. Alimony under the terms of the judgment was to be paid for a period the outside limit of which was five years from the date of judgment, June 13, 1991. With regard to the modification of alimony, the court does not find a substantial change in the financial situation of the parties and does not modify the alimony except to confirm the unilateral action of the plaintiff in increasing the alimony to $2500 effective December 1, 1993. While alimony did not increase until December 1, 1993 and the defendant vacated the premises earlier, support continued in an amount of $1000 per month making the total payment to the defendant $2250 per month. While this resulted in an amount of $250 per month less to the plaintiff, the amount of dollar difference is rendered negligible after taking the tax consequences of these payments into consideration.
Finally, the court must consider the defendant's obligation for support of the children. The court in setting the defendant's obligation as the non custodial parent for the support of the children has considered the factors of § 46b-84 and the provisions of § 46b-215(b) of the General Statutes. As reflected in the plaintiff's financial affidavit, his net monthly income is $14,489 ($3,370 per week). The defendant's net weekly income excluding her IRA withdrawal is $400. The minimum amount of support as provided by the child support guidelines is $480 per week. The defendant's obligation for support is 14 percent of $480 or $68 per week[1]. The court, therefore, orders that the defendant shall pay the sum of $70 per week to the plaintiff by way of support for the two minor children commencing the week of February 27, 1995. While the guidelines do not apply when the parties combined net family income exceeds $1,750 per week, the court must set support at least to the amount prescribed at the $1,750 level. Section46b-215a-2(a) of the regulations; Battersby v. Battersby,218 Conn. 467 (1991). While support may be set for a higher amount, the court chooses not to do so in this case.
DOCKET ENTRIES NO. 247, 331 AND 374
These are the motions of counsel for the minor children CT Page 1424 seeking counsel fees. Docket entry number 331 includes counsel's affidavit regarding fees together with an itemization of services. There is an outstanding amount of previous billing owed by the plaintiff of $591.75. The court finds the amount of $23,700 to be a fair and reasonable allowance for the services as itemized in the statement attached to her affidavit together with disbursements of $666.67.
Having considered the provisions of § 46b-62 and the factors of § 46b-82 of the General Statutes, the court orders that the plaintiff shall pay one half of this amount or $12,183.33 plus $591.75 for a total of $12,775.08 to Attorney Elizabeth T. Sharpe within thirty (30) days of this date. The defendant shall pay the sum of $12,183.33 to Attorney Elizabeth T. Sharpe also within thirty (30) days of the date she receives the money due her from the plaintiff. (The amount herein is less than the amount contained in plaintiff's exhibit E. The court was unable to find Attorney Sharpe's figures as set forth in plaintiff's exhibit E anywhere else in the file.)
DOCKET ENTRY NO. 330
This is the motion of the guardian ad litem for the minor children seeking counsel fees. Counsel's affidavit and an itemization of services is attached to her motion. The court finds the amount of $18,046.88 is a fair and reasonable allowance for the guardian ad litem's services as itemized in her statement. Of this sum, $5,000 has been paid by the parties.
Having considered the provisions of § 46b-62 of the General Statutes and the factors of § 46b-82 of the General Statutes, the court orders the plaintiff to pay to Attorney Mary M. Caruso the sum of $6,523.44 within thirty (30) days of the date hereof and the defendant to pay the sum of $6,523.44 to Attorney Mary M. Caruso within thirty (30) days of the date she receives the money due her from the plaintiff.
In making its decision with respect to this motion and counsel for the minor children's motion, the court has considered plaintiff's argument relative to Arigoni v. Arigoni, 184 Conn. 513
(1981).
 DOCKET ENTRIES NO. 171 AND 268 DEFENDANT'S MOTIONS FOR COUNSEL FEES
CT Page 1425
Both parties in this litigation have incurred consequential attorneys' fees. Defendant's attorney's fees, not including the fees for preparation for the current hearing nor for the hearing held on January 3, 4 and 6, amount to $145,988. This figure does not include legal fees for the trial before Judge Freedman. The amount currently owed by the defendant is $93,317. When one adds trial preparation time plus time for this hearing, the amount owed to defendant's counsel has to exceed $100,000.
Defendant moves that the plaintiff contribute toward her fees. Such request is addressed to the court pursuant to § 46b-62
of the General Statutes. Section 46b-62 provides that the court may order either spouse to pay the reasonable attorney's fees of the other in accordance with their respective financial abilities and the criteria set forth in § 46b-82 of the General Statutes. Certainly, attorney's fees in the amount in this case does effect the property distribution made at the time of the original decree. Plaintiff's fees (which will be dealt with separately) are close to $370,000 with disbursements of $33,828.
For every action in this case there has been an equal and opposite reaction. There are 382 docket entries in eleven separate folders. The docket itself is contained in one cardboard file. To an appreciable extent the issues of custody have been "driven" by the defendant. It is for this reason that the plaintiff seeks a contribution to his fees.
Having considered the factors of § 46b-82 and the relative financial positions of each of the parties, the factors noted above and the extensive case law on the issue of attorney's fees, the court denies the defendant's motions for counsel fees.
 DOCKET ENTRY 309 DEFENDANT'S MOTION FOR CONTEMPT
On July 14, 1993, the defendant moved that the plaintiff be held in contempt for failure to pay the sum of $150,000 as was ordered by the original judgment. This motion was pressed by the defendant at the current hearing.
The defendant's petition for certiorari was denied by the Supreme Court on June 24, 1993. Fiddelman v. Fiddelman, 226 Conn. 915. The original judgment provided that $150,000 was to be paid within thirty (30) days of the judgment. The property provisions of the judgment thus became subject to payment on July 24, 1993. CT Page 1426 Tender of a payment of $50,000 was made on March 17, 1994, first accepted by the defendant and then rejected by her (see plaintiff's exhibits I and J).
The court finds that the plaintiff has and continues to have the ability to pay the $150,000 to the defendant. The court finds, further, that the plaintiff has wilfully and intentionally failed to abide by the court's order for payment of said sums and finds the plaintiff in contempt. Indeed, it has been suggested by plaintiff's counsel that the amounts have not been paid by the plaintiff because of the plaintiff's claim of set-off against said sum. Should there be an obligation of the defendant to the plaintiff, such obligation is separable, and the court shall deal with such further orders as they are entered and as it becomes necessary to enforce them.
At issue upon this motion is the question of interest. The $150,000 order constituted a money judgment. The defendant is entitled to interest from July 24, 1993 at ten (10%) percent per annum to March 17, 1994, the date of tender of $50,000 and interest at ten (10%) percent per annum on $100,000 to the date of payment. Section 37-3a of the General Statutes; Blake v. Blake,211 Conn. 485 (1989). To January 31, 1995, interest amounts to $18,545. No interest is yet due upon the defendant's proceeds from the sale of the house since the house has not yet been sold.
The court finds the plaintiff in contempt of this court's orders for failure to pay the $150,000 ordered by Judge Frederick Freedman. The plaintiff may purge himself of contempt by paying the $150,000 and interest at ten (10%) percent per annum to the date of payment. Upon payment of said sum, the defendant shall immediately release the judgment lien filed in volume 1100, page 907 of the Danbury Land Records.
 DOCKET ENTRY 379 PLAINTIFF'S MOTION FOR SANCTIONS
The defendant failed to attend her deposition and failed to file a financial affidavit by November 10, 1994 in accordance with this court's orders. The court orders the defendant:
1. to pay the plaintiff's counsel fees for the November 14, 1994 deposition — $375; and,
2. to pay the appearance fee for the court reporter for the CT Page 1427 November 14, 1994 deposition in the amount of $75.
This motion is granted and the defendant is ordered to pay to the plaintiff the sum of $450 forthwith. There shall be no set-off by the plaintiff for any payment due to the defendant, and this sum shall not be payable to the plaintiff by the defendant until the sums set forth herein are paid to the plaintiff.
 DOCKET ENTRY PLAINTIFF'S CLAIM FOR ATTORNEY'S FEES AND EXPERT FEES
The plaintiff claims reimbursement from the defendant of monies paid to Dr. Herman as the court appointed evaluator who testified in the modification of custody proceedings before Judge Novack. The plaintiff has paid the following amounts to Dr.
Herman:
November 6, 1992 $ 4,500
December 31, 1992 4,500
January 25, 1993 1,500 ------- TOTAL $10,500
The costs of Dr. Herman should be divided equally by the parties. The court orders that the defendant shall reimburse the plaintiff for one-half of that amount — $5,250 forthwith.
The plaintiff has paid Dr. Sacks, the children's psychologist, the following amounts:
July, 1992 $ 3,800
January, 1993 3,400
February, 1993 6,800
March, 1993 4,000 ------- TOTAL $18,000
The services of Dr. Sacks as provided for the children should also be divided equally by the parties. The court orders that the CT Page 1428 defendant shall reimburse the plaintiff for one-half of that amount — $9,000 forthwith.
The plaintiff has incurred legal fees of $369,600 and disbursements of $33,800. Of that amount, close to $302,000 has been paid and $101,500 remains to be paid. The plaintiff seeks to have this court order the defendant to pay a portion of these fees. Such request is made pursuant to § 46b-62 of the General Statutes.
As herein observed, the legal work involved in this proceeding has been extensive. As previously noted, one might observe that this litigation has been "driven" to an appreciable extent by the defendant. However, the defendant was well within her rights in challenging Judge Novack's continued involvement with the case. The fact that that has resulted in additional legal fees for both parties is, indeed, unfortunate. As also earlier observed, for every action in this case, there has been an equal and opposite reaction. The defendant cannot be faulted for taking those actions that she took to present her position to the court.
Having considered the provisions of the statutes, testimony and the exhibits together with the case law, the court orders that except as noted herein, each of the parties shall pay his or her own attorney's fees. In reaching this decision the court had specifically considered the case of Arigoni v. Arigoni, 184 Conn. 513
(1981).
The plaintiff's request for the defendant to contribute to his attorney's fees is denied. The defendant is, however, to reimburse the defendant for her one-half share of the fees for the experts and shall pay to the plaintiff the sum of $14,250 forthwith, and, as previously stated, forthwith shall mean immediately after her receipt of the money as ordered on her motion for contempt without any set-off or deduction therefrom.
 DOCKET ENTRY NO. FEES FOR PRIOR COUNSEL FOR THE MINOR CHILDREN
There has been mention made regarding outstanding fees to Attorney Ferro as counsel for the minor children. To the extent that those fees were incurred for services prior to the initial judgment, those are to be paid eighty-two (82%) percent by the plaintiff and eighteen (18%) percent by the defendant in CT Page 1429 accordance with that judgment. For the fees incurred by Attorney Ferro for post judgment proceedings, the parties shall each be responsible for one-half thereof.
SUMMATION
The plaintiff is found in contempt. To purge himself of contempt he shall pay the following sums:
1. $150,000 to the defendant plus interest as herein set forth;
2. $12,775.08 to Attorney Elizabeth T. Sharpe within thirty (30) days of this date;
3. $6,523.44 to Attorney Mary M. Caruso within thirty (30) days of this date.
The defendant is found in contempt. To purge herself of contempt, she shall pay the following sums following receipt by her of the $150,000 plus interest due to her from the plaintiff:
1. $12,183.33 to Attorney Elizabeth T. Sharpe;
2. $6,523.44 to Attorney Mary M. Caruso;
3. $450 to the plaintiff on the plaintiff's motion for sanctions;
4. $14,250 to the plaintiff for one-half the expert fees incurred.
The defendant shall also furnish a release of the judgment lien simultaneously with her receipt of the $150,000 plus the interest due thereon.
Orders shall enter in accordance with the foregoing.
EDGAR W. BASSICK, III, JUDGE