JONI L. MARK *v.* HARRY H. MARK
(14885)

Dupont, C. J., and Lavery, Landau, Heiman and Schaller, Js.

Considered October 11—decision released December 27, 1995*

---

* December 27, 1995, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

*Lori Welch-Rubin,* in support of the motions.

DUPONT, C. J. The defendant appealed from the trial court's postjudgment denial of his motion to modify alimony and a judgment of contempt. Subsequently, he amended his appeal to challenge two other judgments of contempt of the alimony order. The plaintiff moves this court to dismiss the appeal and the amended appeal on the basis of the defendant's alleged continual pattern of contemptuous conduct, or, in the alternative, to stay the appeal until the defendant purges himself of contempt under the rationale of *Greenwood* v. *Greenwood,* 191 Conn. 309, 464 A.2d 771 (1983).

When a party seeks appellate intervention to overturn an adjudication of contempt while simultaneously isolating himself or herself from the consequences of an adverse ruling on appeal or from further orders of the trial court, appellate review may be withheld and the case dismissed unless the appellant demonstrates a willingness to comply with the trial court's order. Id., 313. The question raised by the plaintiff's motions is whether, on the facts of this case, the *Greenwood* holding should be extended to allow an unconditional dismissal of the defendant's appeal because of his behavior.

The defendant appellant has continually failed to comply with court orders regarding alimony in this matter. He has been found in contempt three times and has paid the purge amounts only when he has been jailed or threatened with incarceration. The amount of alimony owed, which is the subject of the three findings of contempt, is based on the original alimony order upheld in *Mark* v. *Mark,* 38 Conn. App. 920, 659 A.2d 1239, cert. denied, 235 Conn. 934, 659 A.2d 1239 (1995). As

of September 20, 1995, the defendant owed an arrearage of $59,260 as found by the trial court. The defendant does not challenge the accuracy of this amount on appeal.

The defendant has established a pattern of contemptuous conduct. He has continually failed to comply with the court orders of support, and then has repeatedly purged himself of contempt only when jailed or threatened with incarceration by the court. This conduct places the plaintiff in the position of continually expending legal resources, while leaving her without support for lengthy periods of time. We conclude that a litigant who displays a calculated and continued pattern of contemptuous conduct in defiance of the authority of the courts of this state should not be afforded the opportunity to seek our intercession to disturb an adjudication rendered by the trial court. We, therefore, grant the plaintiff's motions to dismiss the defendant's appeal as amended.

The plaintiff, a fifty-seven year old social worker, instituted the underlying dissolution action against the defendant, a sixty-two year old ophthalmologist, in September, 1991. The trial court, *Hon. Margaret Driscoll*, state trial referee, rendered judgment dissolving the parties' thirty year marriage on August 26, 1993. Pursuant to this judgment, the defendant was ordered to pay the plaintiff alimony of $800 per week until the plaintiff's death, remarriage, or cohabitation. This court affirmed the dissolution judgment and the alimony award contained therein. See *Mark* v. *Mark*, supra, 38 Conn. App. 920.

While the appeal was pending, and before it was decided, on February 4, 1994, the defendant filed a motion to modify the alimony award. He alleged a substantial change in circumstances and requested that the alimony award be reduced. On April 27, 1994, the plaintiff filed a motion for contempt alleging that the

defendant failed to make the $800 weekly alimony payments as ordered on August 26, 1993, and was in arrears. On May 2, 1995, the trial court, *Pittman, J.*, considered the defendant's motion for modification and the plaintiff's motion for contempt.

With respect to the defendant's motion for modification of alimony, the court found that the only change of circumstances since the August, 1993 judgment was the defendant's voluntary restructuring of his business.[1] The court denied the defendant's motion for modification. In regard to the plaintiff's motion for contempt, the court determined that the defendant was in wilful contempt of the court's orders to pay alimony and found an arrearage of $33,500 as of January 9, 1995. The court ordered the parties to stipulate to the current arrearage or, if a stipulation could not be reached, to return to court.[2] The defendant was ordered to pay to the plaintiff the sum of $10,000 on or before July 1, 1995, to reduce the arrearage. He was ordered to pay the current alimony of $800 per week plus $200 per week in reduction of the arrearage. In addition, the defendant was ordered to pay $1500 in counsel fees on or before September 1, 1995.

On May 18, 1995, the defendant filed a motion for stay of the May 2, 1995 orders pursuant to Practice Book § 4047 indicating that he intended to appeal from those decisions.[3] The defendant filed this appeal pro se on June 7, 1995.

---

[1] The trial court indicated in its oral decision: "The defendant is not entitled to disregard his duty to his former wife or his legal obligation to abide by the orders of the court, in order to engage in restructuring part of his business to make it more convenient for himself. The court finds that the only substantial change in the defendant's balance sheet, since the decree is a voluntary one by the defendant, related to the Broadway property in North Haven. He cannot use that as a tool to reduce or terminate his alimony and the motion is denied."

[2] The court found that as of May 2, 1995, the defendant owed an arrearage of $45,900.

[3] The defendant filed a motion for extension of time to appeal the May 2, 1995 decisions to June 12, 1995, which was granted by the trial court.

On June 26, 1995, the trial court considered the defendant's motion for stay.[4] The defendant argued that he could not comply with the court's orders regarding alimony and that the court's orders were grossly in error. The plaintiff's counsel objected to the stay. The trial court denied the motion for stay.

The trial court also considered the plaintiff's motion for contempt filed on May 24, 1995. In the motion for contempt, the plaintiff alleged that the defendant was in contempt of the trial court's May 2, 1995 orders as he had not made any basic alimony payments of $800 per week. In addition, he had not made any payments of $200 per week toward the arrearage. On June 26, 1995, the court granted the motion for contempt. In conjunction with the contempt finding, the court ordered the defendant incarcerated until he purged himself by paying $2536.80. The defendant paid the purge amount the same day the order entered.

The defendant filed a motion for review of the denial of his motion for stay of the May 2, 1995 contempt order. On July 19, 1995, this court granted review but denied the relief requested.

On July 21, 1995, the defendant filed an amended appeal challenging the May 2, 1995 finding of contempt and the June 26, 1995 decisions of the trial court. On July 24, 1995, the plaintiff filed another motion for contempt, claiming that the defendant had failed to pay the weekly alimony of $800, the weekly payment of $200 toward the arrearage and the payment of $10,000 due July 1, 1995. The plaintiff filed two other motions for contempt alleging the same grounds on August 18, 1995, and August 30, 1995.

[4] Practice Book § 4047 provides in relevant part: "In non-criminal matters in which the automatic stay provisions of Sec. 4046 are not applicable and in which there are no statutory stay provisions, application for a stay of the judgment or order of the superior court pending appeal shall be made to the judge who tried the case . . . ."

On September 20, 1995, the defendant was again found in wilful contempt and committed to the custody of the commissioner of correction for failure to pay the alimony as ordered. The court, *Munro, J.*, found that there was a total alimony arrearage of $59,260 as of September 20, 1995. The court set the purge amount at $32,829.80, which included $30,000 on the arrearage, $2500 toward plaintiff's counsel fees and $329.80 in costs. Upon payment of the purge amount, the defendant was to be released from custody. The court also ordered that the defendant continue to pay the $800 per week alimony award and $200 per week toward the arrearage as ordered by Judge Pittman on June 29, 1995.

On September 22, 1995, the trial court, *Munro, J.*, accepted a purge plan and released the defendant from custody. On October 2, 1995, the trial court ordered the defendant to pay $1600 to the plaintiff on that date, which reduced the arrearage to $29,260. The defendant was ordered to make payments to the plaintiff on the arrearage pursuant to a schedule and to continue to pay the $800 per week alimony, as previously ordered. On July 24, 1995, the plaintiff filed a motion to dismiss the defendant's appeal because he had been found in contempt by the trial court on May 2, 1995 and on June 26, 1995. On September 22, 1995, the plaintiff filed an amended motion to dismiss alleging that the defendant was again in contempt.

We have discretion to dismiss an appeal where the appellant is in contempt of the orders of the trial court. *Greenwood* v. *Greenwood*, supra, 191 Conn. 313; *Broderick* v. *Broderick*, 20 Conn. App. 145, 146, 565 A.2d 3 (1989); *Croke* v. *Croke*, 4 Conn. App. 663, 665 n.3, 496 A.2d 235 (1985); see Practice Book § 4183 (9). This court and our Supreme Court have considered a number of factors in determining whether an appeal should be dismissed due to the contemptuous conduct of the appellant. Some of those factors include the number

of times the appellant was held in contempt, whether it is likely the appellant will continue to frustrate any order of the court that may be issued in connection with the same matter, whether the appellant has appeared when summoned to court, and whether the appellant has ever purged himself of the contempt. See *Greenwood* v. *Greenwood*, supra, 313; *Broderick* v. *Broderick*, supra, 146.

In this case, the defendant challenged the original alimony order, which was upheld on appeal. He then filed this appeal from the denial of a motion for modification of the alimony order and filed an amended appeal from the contempt orders. The defendant has been found in wilful contempt three times and has paid the purge amount for each contempt or the amount set by the trial court but has continued his pattern of wilfully failing to pay the alimony award.

In *Broderick* v. *Broderick*, supra, 20 Conn. App. 146, we did not dismiss an appeal where "the defendant was found in contempt by the trial court and an arrearage of $7000.50 for alimony and child support was found." In *Broderick*, the defendant had been found in contempt five times, had consistently made the demanded payments after the contempt findings, and had paid the purge amount for the most recent contempt finding. This court, nevertheless, decided the *Broderick* appeal on the merits "to lay to rest any lingering hope that the defendant may possess that the trial court might be found to have committed error and its judgment reversed." Id., 146–47.

The *Broderick* decision is distinguishable from this case in one important aspect. The amount of the support orders had not yet been upheld on appeal in *Broderick* so that the defendant may have entertained a "lingering hope" that the amount of alimony and child support would be found to be inappropriate. In the present case,

the defendant has already had an appellate determination upholding the alimony award and has nevertheless persisted in abusing the judicial system to avoid payment of court ordered support until he is threatened with incarceration or is actually incarcerated.

The plaintiff's motions to dismiss the defendant's appeal as amended are granted.

In this opinion the other judges concurred.