[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de PLAINTIFF'S MOTION FOR CONTEMPT (#353)
The parties' marriage was dissolved in this court on May 20, 1980. The plaintiff now seeks to have the defendant held in contempt for his failure to pay the June 7, 1998 monthly reinstallment of periodic alimony. The defendant concedes he has not made the payment nor has he made any subsequent payment. The arrearage now totals $15,765.99.
The defendant is a SEC Series 7 licensed broker specializing in financial placements and loans. He has been engaged in this business for over 30 years. He has earned no income from his occupation in 1998. There is no evidence that the failure to generate income is due to his lack of effort. Therefore, Tobey v.Tobey, 165 Conn. 742 does not apply to the present case. CT Page 11962
The defendant subsequently remarried. His second marriage also was dissolved in this court. As a result the defendant is now paying unallocated alimony and child support of $4,500 monthly to the mother of his two children. He is current in those payments.
He has been liquidating assets and making withdrawals from a 401k account in order to pay the unallocated order. He paid the plaintiff through May via the same method of raising money.
The court has no jurisdiction over that portion of a dissolution judgment providing for the assignment of property of one party to the other party, Croke v. Croke, 4 Conn. App. 663,665. To force the defendant to liquidate assets in order to meet an ongoing periodic alimony order has the legal effect of redistributing assets. The court has not the power to do so.
 The inability of the defendant to obey an order of the court, without fault on his part, is a good defense to a charge of contempt. 17 Am.Jur.2d, contempt, § 51. Tobey v. Tobey, 165 Conn. 742, 746
The award of alimony is based on actual earned income, earning capacity or prospective earnings, id., p. 749. The basic purpose of alimony is to oblige the spouse with the greater earnings or earning capacity to share that income with the spouse with lesser or no income. In the present case the defendant has no current income. The defendant has proven that he is currently unable to meet the periodic order.
The plaintiff's motion is denied.
HARRIGAN, J. CT Page 11963