SUZANNE E. BUBROSKY *v.* HARRISON A. BUBROSKY
(AC 32784)

Gruendel, Robinson and Espinosa, Js.

Considered April 27—officially released June 7, 2011

*Steven D. Ecker* and *M. Caitlin S. Anderson*, in support of the motion.

*Robert S. Broder*, in opposition to the motion.

*Opinion*

PER CURIAM. The defendant, Harrison A. Bubrosky, appeals from the judgment of the trial court dissolving his marriage to the plaintiff, Suzanne E. Bubrosky, and

entering related financial orders. Over the defendant's objection, the plaintiff moves to dismiss the defendant's appeal as amended, claiming that the defendant's behavior demonstrates a pattern of contemptuous conduct in deliberate defiance of numerous court orders. See *Greenwood* v. *Greenwood*, 191 Conn. 309, 464 A.2d 771 (1983). We agree and, accordingly, dismiss the defendant's appeal as amended.

The following facts and procedural history are relevant. The parties' marriage was dissolved on September 16, 2010. At the time of the divorce, the court ordered that, inter alia, the defendant pay the plaintiff $22,000 in monthly alimony and $686 in weekly child support. Additionally, the court ordered that the defendant appear in court once a month to provide updates on his search for full-time employment.[1] On September 21, 2010, the court issued a clarified and corrected decision, from which the defendant appealed on October 4, 2010. Subsequently, on October 27, 2010, the court made several awards of attorney's fees, in addition to its prior corrected decision, and the defendant filed an amended appeal on October 28, 2010.

On December 6, 2010, the plaintiff filed a motion for contempt, claiming that the defendant secretly had moved to Florida and had failed to comply with the court's orders of alimony and child support. The court granted the plaintiff's motion for contempt, entered an incarceration order without prejudice with a purge amount of $24,974.98 and issued a capias on the basis of the defendant's failure to appear.

On January 6, 2011, the defendant again failed to appear, at which point the court heard testimony from the plaintiff regarding the defendant's repeated behavior in violation of the court's financial orders and the

---

[1] Although unemployed at the time of the parties' divorce, the court determined that the defendant's earning capacity was $750,000.

parties' parenting plan.[2] Given the plaintiff's testimony, the court entered three findings of contempt against the defendant.

On March 1, 2011, the court heard additional testimony from the plaintiff regarding the defendant's ongoing failure to abide by the court's financial orders and the parties' parenting plan. On the basis of this testimony, the court, on March 3, 2011, entered five orders finding the defendant in contempt, bringing the total number of contempt orders against him to nine.

The plaintiff now moves to dismiss the defendant's appeal in light of his contemptuous conduct. Specifically, the plaintiff claims that the defendant's persistent contemptuous conduct demonstrates a manifest disregard and deliberate defiance of the court's orders. We agree.

Pursuant to *Greenwood* v. *Greenwood*, supra, 191 Conn. 313, this court has discretion to dismiss an appeal where the appellant is in contempt of the orders of the trial court. See also *Broderick* v. *Broderick*, 20 Conn. App. 145, 146, 565 A.2d 3 (1989). Both this court and our Supreme Court, however, have only dismissed appeals in extreme cases, where there was clearly a calculated and continued pattern of contemptuous behavior in defiance of the authority of the courts of this state. See *Greenwood* v. *Greenwood*, supra, 309; *Mark* v. *Mark*, 40 Conn. App. 171, 669 A.2d 579 (1995).

"This court and our Supreme Court have considered a number of factors in determining whether an appeal should be dismissed due to the contemptuous conduct

[2] Specifically, the plaintiff explained that the defendant had contacted the parties' three minor children in an attempt to undermine the plaintiff's relationship with them. The plaintiff also testified that the defendant had not exercised his right to visitation with the children since the beginning of December, 2010.

of the appellant. Some of those factors include the number of times the appellant was held in contempt, whether it is likely [that] the appellant will continue to frustrate any order of the court that may be issued in connection with the same matter, whether the appellant has appeared when summoned to court, and whether the appellant has ever purged himself of the contempt." *Mark* v. *Mark*, supra, 40 Conn. App. 176–77.

In the present case, the defendant has been found to be in wilful contempt of the court's orders nine times since the filing of this appeal. Moreover, the defendant has not amended his appeal to challenge these contempt findings. It is undisputed that the defendant has not physically appeared in the trial court at any time subsequent to October, 2010. Finally, there is nothing in the record to indicate that the defendant will comply with additional orders issued by this court or any court of this state. Although the defendant has recently retained new counsel to pursue his appeal, such behavior is woefully inadequate to remedy his repeated failure to appear when summoned before the trial court. Accordingly, on the basis of the factors utilized by this court to determine whether an appeal should be dismissed because of an appellant's contemptuous conduct, we fail to see any justification for allowing the defendant's appeal to continue.

The appeal is dismissed.